UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re SANOFI-AVENTIS SECURITIES LITIGATION | : : : : | Civil Action No. 1:07-cv-10279-GBD <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | : : : : | |

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF EVIDENCE ABROAD IN CIVIL OR CRIMINAL MATTERS

580127_1

**I.      Introduction**

Defendants premise their attempt to further delay this three year old case by asserting that discovery is stayed pursuant to the PSLRA, even though this Court has ruled that the operative First Amended Complaint ("Amended Complaint") asserts viable claims for securities fraud, and that the requested discovery is irrelevant, or impermissible under the Hague Convention, even though plaintiffs' requests are specifically tailored to the issues dealing with Sanofi's rimonabant drug and letters of request to the United Kingdom are a common and accepted method of seeking discovery.

In their effort to invoke the PSLRA discovery stay, defendants ignore that any stay is lifted "'after the Court has sustained the legal sufficiency of the complaint'" (*In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252, 254-55 (S.D.N.Y. 2005))[1] and this Court's July 27, 2010 Order (Dkt. No. 63), holding that the Amended Complaint "adequately pleads violations of the federal securities laws." Dkt. No. 63. Even if the PSLRA stay applied here, the Court may allow limited discovery where it is "necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §78-4(b)(3)(B). Plaintiffs' motion for a letter of request to obtain highly relevant documents from the European Medicines Agency ("EMA") serves that exact purpose; preventing the inadvertent destruction of documents by the EMA and initiating the long process of seeking materials through the Hague Convention.

While defendants try to convince the Court that the EMA approved the safety of rimonabant and affirmatively found no incidence of suicidality, they miss the fact that this rendition of events

---

[1]      Unless otherwise noted, internal citations are omitted.

demonstrates the relevance of the very documents plaintiffs seek.[2]  From their previous motion to dismiss to their opposition here, defendants have repeatedly argued that the EMA's temporary approval of rimonabant disproves plaintiffs' allegation of securities fraud.  Thus, all of the materials the EMA considered in approving and then withdrawing approval of rimonabant are highly relevant and defendants have failed to show any good reason why a very routine letter of request for documents from the EMA should not be issued.

## II. Plaintiffs' Motion Is Neither Stayed by the PSLRA Nor Premature

### A. The PSLRA Allows Discovery After the Court Has Sustained the Sufficiency of a Complaint

Contrary to defendants' assertion, plaintiffs' motion does not "jump[] the gun" on discovery.  Memorandum of Law in Opposition to Lead Plaintiffs' Motion for a Letter of Request Pursuant to Hague Convention (Dkt. No. 71) ("Defs' Opp.") at 9.  On July 27, 2010, this Court entered an order finding that plaintiffs' Amended Complaint "cures the fatal deficiencies in the Consolidated Complaint and adequately pleads violations of the federal securities law."  Dkt. No. 63.  Thus, the statutory stay imposed by the PSLRA has been lifted.  *Salomon*, 373 F. Supp. 2d at 254-55 ("In a case where the court already ***has*** sustained the legal sufficiency of the complaint," the purpose of the PSLRA stay provision has been served) (emphasis in original); *see also SG Cowen Sec. Corp. v. United States Dist. Court*, 189 F.3d 909, 912-13 (9th Cir. 1999) (same).  The fact that some or all of the defendants now want to try and move for dismissal again should not serve as a basis for further delaying discovery.

---

[2]    In the context of this motion, there is no reason to address defendants' revisionist history regarding the EMA.  Needless to say, however, plaintiffs dispute the inferences and conclusions defendants attempt to draw.  The truth of the matter will be clear after discovery moves forward.

Each defendant here has already had the opportunity to test the consolidated complaint as well as the Amended Complaint.[3]  After the Court granted defendants' motion to dismiss the consolidated complaint, plaintiffs moved for reconsideration, attaching a copy of the Amended Complaint to the motion that corrected the deficiencies identified by both defendants and the Court by carving out those claims that the Court found to be insufficient.  Defendants try to dance around the Court's July 27, 2010 Order by claiming that they "did not address whether [the] proposed amended complaint stated a claim" and "none of the Defendants have even briefed the substance of the Amended Complaint."  Defs' Opp. at 13.  But on the contrary, in their Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration of the Court's September 25, 2009 Opinion and Order (Dkt. No. 59), defendants argued that "[t]he very statements that Plaintiffs now assert to be false or misleading are the same statements that they identified in their Consolidated Complaint, and their claim of scienter is identical to the claim of scienter made in the Consolidated Complaint" and that "[e]ach of those was the subject of extensive discussion either in the briefs before the Court or in the oral argument."  Dkt. No. 59 at 3, 11-12.  *See also id.* at 9-11 (arguing the reconsideration should be denied unless the Amended Complaint was sufficient to survive dismissal).

Defendants also argue now that the Court did not "purport to hold that the complaint states a claim against all defendants."  Defs' Opp. at 14.  But, all of the defendants opposed reconsideration, all of the defendants conceded that reconsideration was proper only in the case where the Amended Complaint adequately plead violations of the federal securities laws and the Court's July 27, 2010

---

[3]   On June 30, 2008 defendants Sanofi and Douglas Greene filed a motion to dismiss the Consolidated Complaint.  The other named defendants, Jean-Francois Dehecq, Gerard Le Fur, Hanspeter Spek, Marc Cluzel and Jean-Claude Leroy, filed joinders in Sanofi's motion to dismiss.  Dkt. Nos. 30, 33, 39, 47.

Order upheld the allegations as to each defendant. Dkt. No. 59 at 9-11; Dkt. No. 63. While defendants are clearly not pleased with this outcome, the fact remains that defendants had the opportunity to address, and did address, the sufficiency of the Amended Complaint's allegations. Even if defendants procedurally have the right to file motions to dismiss, it does not prevent discovery here from proceeding since the sufficiency of the Amended Complaint has already been ruled on. To find otherwise "would be to invite abuse" by defendants and unnecessarily stall discovery in this case. *Salomon*, 373 F. Supp. 2d at 254-55.

Defendants miss the point of the PSLRA discovery stay by arguing that a ruling on the futility of an amendment does not affect defendants' right to file a motion to dismiss. Defs' Opp. at 13-14. The purpose of the PSLRA discovery stay provision is to deter "'strike suits'" and "'fishing expeditions.'" *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass. 2002). Here, that is not a concern since the Amended Complaint has been sustained and plaintiffs are not seeking the EMA documents so they can amend their claims.[4]

### B. Defendants' Refusal to Comply with the Federal Rules of Civil Procedure Provides No Basis for Delaying Discovery

Defendants boldly claim that plaintiffs have "flouted those rules" by seeking to take discovery before the parties have conducted a pretrial discovery conference pursuant to Fed. R. Civ.

---

[4]  Defendants' reliance on *Liberty Fish Co. v. The Home Indemnity Co.*, No. 89-5201, 1990 U.S. Dist. LEXIS 7334 (E.D. Pa. June 18, 1990) is unpersuasive. Defs' Opp. at 14. In *Liberty Fish*, a breach of contract action, the plaintiff sought to amend the complaint to add a new cause of action for negligent breach of contract and bad faith. Here, plaintiffs' Amended Complaint did not add a new cause of action, but instead carved out claims the Court found deficient. Also, unlike this case, in *Liberty Fish* there was no prior motion to dismiss or motion for reconsideration where the sufficiency of the complaint was tested. Likewise, *United States v. Nat'l R.R. Passenger Corp.*, No. Civ. A. 86-1094, 2004 WL 1335723 (E.D. Pa. June 15, 2004) (Defs' Opp. at 14) is distinguishable on the same grounds. In *Nat'l R.R.*, the court did not previously rule on any motions that tested the sufficiency of the complaint like the Court here has already done.

P. 16. Defs' Opp. at 1, 3. But, it is defendants who have tried to evade compliance with the Federal Rules. Since this Court's ruling that the Amended Complaint adequately pleads violations of the federal securities laws, defendants have repeatedly refused to participate in a Fed. R. Civ. P. 16 conference or exchange Fed. R. Civ. P. 26(c)(1) initial disclosures. *See* Exs. A-C.

Defendants' disregard for the rules is demonstrated, again, with this motion. Only when defendants filed their opposition briefs did plaintiffs learn that defendants' counsel had previously written a lengthy letter to the Court arguing that they should not even have to respond to this motion. *See* Defs' Opp. at 3 (referencing September 17, 2010 letter). Defendants failed to serve a copy of their September 17, 2010 letter on plaintiffs as required by this Court's Individual Practices. While plaintiffs' counsel were identified as cc: recipients, no letter was sent to plaintiffs until the following week. Later, when asked to explain their actions, defendants' counsel stated that they had "just learned" that their fax department's attempts to deliver a copy of the letter to plaintiffs "were unsuccessful." *See* Ex. D. Making matters worse, defendants' counsel apparently followed up their letter with a call to chambers on the afternoon of September 19, 2010 in another attempt to thwart discovery. Defendants failed to notify plaintiffs' counsel either before or after this call took place and have never identified what "emergency situation" required such an *ex parte* communication. *See* Individual Practices of Judge George B. Daniels 1(B). These repeated efforts to prevent plaintiffs from taking discovery should not be rewarded.

    **C.**    **The Court has the Discretion to Allow Particularized Discovery to Preserve Evidence and Prevent Undue Prejudice**

Even if the PSLRA discovery stay was in place, plaintiffs should be allowed to proceed with the issuance of a letter of request pursuant to the Hague Convention. In cases where undue prejudice to plaintiffs will occur, such as when critical third party discovery will take significant time to complete, Congress has empowered courts to lift the discovery stay. 15 U.S.C. §78u-4(b)(3)(b).

- 5 -

580127_1

Here, based on plaintiffs' counsel's prior experience, obtaining discovery from a foreign entity like the EMA, located in London, England, is likely to take an extended period of time and could cause a significant delay in discovery. In order to avoid undue prejudice and expedite this case, plaintiffs' motion will start the lengthy process of getting EMA documents and prevent unnecessary delay or inadvertent destruction of relevant documents. There is no concern that the requested discovery will pose a financial burden to defendants since the requests at issue are directed to a third party. *Lernout*, 214 F. Supp. 2d. at 106-07 (where incidental discovery costs are minimal, there is no concern that defendants will incur unnecessary costs with pending motions to dismiss.).

### III. Contrary to Defendants' Arguments Plaintiffs are Entitled to Seek Documents from the EMA

Motions for a letter of request pursuant to the Hague Convention are a common practice and, in most instances, are the only way parties can obtain evidence from third parties abroad. 28 U.S.C. §1781(b)(2) (a court has the inherent authority to issue a letter rogatory); *see also Netherby Ltd. v. Jones Apparel Group, Inc.*, No. 04 Civ. 7028 (GEL), 2005 U.S. Dist. LEXIS 9769, at *1-*2 (S.D.N.Y. May 18, 2005) ("Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence."). Here, defendants have failed to "show 'good reason' why such letter should not issue." *Sec. Ins. Co. v. Trustmark Ins. Co.*, 218 F.R.D. 24, 26-27 (D.C. Conn. 2003) (court denied defendants' objection to issuance of letter rogatory because no good cause was shown).

Defendants' suggestion that the United Kingdom has opted out of the Hague Convention is nonsense. Defs' Opp. at 23-24. The Hague Convention is implemented into United Kingdom law by the Evidence Act of 1975, which gives the English High Court jurisdiction to issue orders pursuant to letters of request from foreign courts. Indeed, "the United Kingdom is the most common

destination for letters of request eminating from the United States under the Hague Evidence Convention." Obtaining Discovery Abroad, 2d. Ed., ABA 2005 at 232 n.3.

Nothing in Article 23 of the Hague Convention, which defendants cite to and which the United Kingdom has adopted, precludes the Court from issuing the letter of request asked for here. Plaintiffs' request to the EMA seeks specifically tailored categories of documents which will be used as evidence for the purposes of this civil proceeding. Plaintiffs are not asking the EMA to state what documents are relevant or to produce documents other than those specifically identified in the Schedule A attached to the Letter of Request. Defs' Opp. at 23. The United Kingdom Evidence Act of 1975, §2(4)(b) specifically provides that the English High Court can issue an order requiring a witness to produce "particular documents specified in the order" which appear likely to be in the possession of the witness.

Plaintiffs' letter of request submitted here provides all the necessary information the English High Court needs to evaluate the request. The fact that the English High Court ultimately has the discretion to issue an order based on the letter of request is no basis to deny plaintiffs' motion. Instead, it is all the more reason to grant plaintiffs' motion at this juncture so any potential concerns raised by the English High Court will not cause a delay in discovery.

**IV.     The Requested Documents Are Highly Relevant and There Is No Support for Defendants' Contention that the Requests are Overbroad or Burdensome**

Defendants' assertions that plaintiffs' requests to the EMA are not relevant, are overbroad or burdensome, or are against the interest of international comity, are all unpersuasive and rely on a faulty and self-serving interpretation of the Amended Complaint's allegations. Plaintiffs have only requested documents directly related to rimonabant and the EMA's recommendation for the sale of the drug in Europe and its subsequent withdrawal of recommendation because of concerns over the drug's health risks. Contrary to defendants' assertions, these documents are highly relevant to the

- 7 -

central issues in this case and are likely to provide or lead to evidence concerning defendants' knowledge of the link between rimonabant and psychiatric disorders, including suicidality.

More importantly, the EMA documents are relevant because they go directly to defendants' defenses. Defendants have repeatedly relied on the fact that rimonabant had been approved by the EMA for sale in Europe to try to undermine plaintiffs' allegations of both falsity and scienter. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint (Dkt. No. 27) at 9, 16. In October 2008, however, just a few months after the filing of defendants' motion to dismiss, the EMA suspended rimonabant's marketing authorization because its risks, including suicidality, outweighed the benefits. Plaintiffs' Memorandum in Support of Motion for Letter of Request (Dkt. No. 67) at 4. Now that the facts have turned against them, defendants argue that the EMA is irrelevant.

Defendants' assertion that the documents are irrelevant because some of them were prepared after the June 13, 2007 end-of-Class Period is unfounded. Setting aside the fact that documents created after June 2007 would, without question, contain information concerning rimonabant safety concerns and study results from earlier periods, given defendants' use of the EMA's temporary approval of rimonabant as a defense, all of the agencies' documents regarding the drug are relevant. In fact, in previously moving to dismiss this case defendants themselves looked to EMA documents and press releases out of the United Kingdom from as late as June 2008. *See* Dkt. No. 27 at 9 n.11.[5]

---

[5] In their Opposition, defendants confuse "fraud by hindsight" with what plaintiffs must prove in terms of defendants' scienter. The question here is whether there was a relationship between rimonabant and suicidality and defendants' knowledge or reckless disregard of that relationship. The EMA documents sought by plaintiffs go directly to that issue and, whether or not they were created after June 2007, they are relevant to the claims and defenses in this litigation.

Defendants' argument that the requests are overbroad and burdensome also fails.  First, the requests are to the EMA and not defendants, so no burden will be placed on defendants.  Also, any argument as to burden on the EMA is pure speculation on defendants' part and does not provide a basis to deny plaintiffs' motion.  As stated above, plaintiffs will bear the costs associated with the production and will certainly work with the EMA to minimize any burden and expedite the production of relevant documents.  With regard to being overbroad, since documents leading to admissible evidence are relevant, all of the trials defendants conducted in connection with rimonabant are relevant.[6]

Defendants' argument that international comity requires denial of plaintiffs' motion is baseless and not supported by any relevant authority.[7]  Plaintiffs are simply asking this Court,

---

[6]    The three cases defendants cite to support their claim that the requests are overbroad (*In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1264 (N.D. Okla. 2001); *Sahu v. Union Carbide Corp.*, 262 F.R.D. 308 (S.D.N.Y. 2009); *Collins v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004)) are all unpersuasive.  Defs' Opp. at 19.  In each case the discovery requested was found to be overbroad because the information sought was irrelevant to the proceedings.  That is not the case here.  As discussed above, plaintiffs' requests are specifically tailored to obtain documents relating to the safety of rimonabant which is exactly what is at issue in this case.

[7]    Defendants' argument that a different standard applies to discovery from a nonparty foreign regulatory body is entirely inaccurate.  Defs' Opp. at 16, 22.  The lone case cited by defendants, *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for So. Dist.*, 482 U.S. 522, 546 (1987), does not stand for this proposition.  In *Aerospatiale*, the court dealt with the issue of whether a district court has jurisdiction over a foreign defendant with regard to discovery.  In that context, the court stated that when a court does exercise jurisdiction over a foreign defendant and applies the Federal Rules of Civil Procedure in overseeing discovery, the district court must be vigilant in supervising pretrial proceedings to protect the foreign defendants from abuses.  That is not the case here.  The EMA is not a defendant and plaintiffs are seeking the documents through the Hague Convention and not under the Federal Rules of Civil Procedure.  Nothing in *Aerospatiale* or the Federal Rules or any other authority creates or even suggests that the standard for seeking discovery from a nonparty foreign regulatory body is stricter or any different than the standard applied to any other entity in possession of relevant documents.  All plaintiffs are seeking here is a letter of request to the English authority and, ultimately, it is that authority that decides whether to issue an order requiring the EMA to produce the documents.  Thus, there is no real concern for abuse

- 9 -

pursuant to the Hague Convention, to issue a letter of request to the English authority for the issuance of an order by the English High Court to obtain EMA documents. Ultimately, it will be the English authority that decides whether to do so. Thus, international comity is not an issue.

Lastly, defendants fail to cite to a single rule that would allow them to dictate the timing of discovery here. Plaintiffs are entitled to request all of the documents and material the EMA considered in approving and then withdrawing approval of rimonabant and not just those that Sanofi wants to hand pick. *See, e.g.*, *Netherby*, 2005 U.S. Dist. LEXIS 9769, at *2 (in granting motion for issuance of letters rogatory, court rejected defendants' argument that plaintiffs should obtain documents from defendants first). In this case particularly, where documents are sought from a foreign entity, with a multiple step statutory process to follow, discovery should not be delayed.

## V. Conclusion

For the foregoing reasons, as well as those set forth in plaintiffs' motion, plaintiffs respectfully request that the Court grant the motion for a letter of request pursuant to the Hague Convention.

DATED: September 30, 2010            Respectfully submitted,


                                     s/LAURIE L. LARGENT
                                     LAURIE L. LARGENT

---

here. Defendants' reliance on *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774 (9th Cir. 1994) is also misplaced. *Exxon* did not involve a request for discovery pursuant to the Hague Convention or discovery from a foreign regulatory body. Moreover, the Ninth Circuit found that in looking at discovery requests the district court must apply the Federal Rules of Civil Procedure, including balancing the plaintiff's need for the discovery and the burden to the administrative agency, as it should with any other party producing documents. *Id*. at 779-80. Thus, *Exxon* provides no support for defendants' arguments here since plaintiffs have shown that the discovery is necessary and highly relevant and that there will be no undue burden to the EMA.

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        TOR GRONBORG
        TRIG R. SMITH
        LAURIE L. LARGENT
        655 West Broadway, Suite 1900
        San Diego, CA  92101
        Telephone:  619/231-1058
        619/231-7423 (fax)
        torg@rgrdlaw.com
        trigs@rgrdlaw.com
        llargent@rgrdlaw.com

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        SAMUEL H. RUDMAN
        58 South Service Road, Suite 200
        Melville, NY  11747
        Telephone:  631/367-7100
        631/367-1173 (fax)
        srudman@rgrdlaw.com

        Lead Counsel for Plaintiffs

- 11 -

CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 30, 2010.

s/LAURIE L. LARGENT
LAURIE L. LARGENT

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:LLargent@rgrdlaw.com

580127_1

# Mailing Information for a Case 1:07-cv-10279-GBD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tor Gronborg**
  torg@rgrdlaw.com,torg@csgrr.com,E_File_SD@rgrdlaw.com

- **Laurie L. Largent**
  llargent@rgrdlaw.com

- **Lewis J. Liman**
  lliman@cgsh.com,maofiling@cgsh.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,srudman@csgrr.com,e_file_ny@rgrdlaw.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,trigs@csgrr.com,stremblay@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)