# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: SANOFI-AVENTIS SECURITIES LITIGATION | 07-CV-10279 (GBD);<br>08-CV-00021 (GBD)<br><br><u>CLASS ACTION</u> |
| This document relates to:<br><br>ALL ACTIONS | ECF CASE |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO CHAPTER II OF THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

     A request is hereby made by the United States District Court for the Southern District of New York for assistance in obtaining documents requested in the above-captioned action on behalf of Plaintiffs The City of Edinburgh Council as Administering Authority of the Lothian Pension Fund and New England Carpenters Guaranteed Annuity Fund by Defendants Sanofi, Gérard Le Fur and Hanspeter Spek from Sanofi, all of which documents are located in France. This request is made pursuant to Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Convention").

| | | |
|---|---|---|
| 1. | Sender | The Honorable Frank Maas<br>United States Magistrate Judge<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street, Room 20A<br>New York, New York 10007-1312<br>United States of America |
| 2. | Central Authority of the Requested State | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Bureau de l'entraide civile et commerciale internationale (D3)<br>13, Place Vendôme<br>75042 Paris Cedex 01<br>France |

| | | |
|---|---|---|
| 3. | Person to whom the executed request is to be returned | The Honorable Frank Maas<br>United States Magistrate Judge<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street, Room 20A<br>New York, New York 10007-1312<br>United States of America |
| 4. | IN CONFORMITY WITH CHAPTER II, ARTICLE 17 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST: | |
| 5. (a) | Requesting judicial authority | United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street<br>New York, New York 10007-1312<br>United States of America |
| 5. (b) | To the competent authority of | The Republic of France |
| 6. | The names and addresses of the parties to the proceedings and their representatives | |
| 6. (a) | Plaintiffs | The City of Edinburgh Council as Administering Authority of the Lothian Pension Fund<br>Waverley Court<br>4 East Market Street<br>Edinburgh<br>EH8 8BG<br>United Kingdom<br><br>New England Carpenters Guaranteed Annuity Fund<br>350 Fordham Road<br>Wilmington, Massachusetts 01887<br>United States<br><br>Represented by:<br>Tor Gronborg, Esq.<br>Trig R. Smith, Esq.<br>Laurie L. Largent, Esq.<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, California 92101<br>United States |

|  |  |  |
|---|---|---|
|  |  | T: (619) 231-1058<br>F: (619) 231-7423<br>torg@rgrdlaw.com<br>trigs@rgrdlaw.com<br>llargent@rgrdlaw.com |
|  |  | -and- |
|  |  | Samuel H. Rudman, Esq.<br>Robbins Geller Rudman & Dowd LLP<br>58 South Service Road, Suite 200<br>Melville, New York 11747<br>United States<br>T: (631) 367-7100<br>F: (631) 367-1173<br>srudman@rgrdlaw.com |
| 6. (b) | Defendants | Sanofi, Gérard Le Fur, and Hanspeter Spek |
|  |  | <u>Represented by and contactable through:</u><br>Lewis J. Liman, Esq.<br>Matthew C. Vogele, Esq.<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, New York, 10006<br>United States<br>T: (212) 225-2000<br>F: (212) 225-3999<br>lliman@cgsh.com<br>mvogele@cgsh.com |
| 7. | The nature and the purpose of the proceedings and summary of the facts | See Exhibit A, attached hereto |
| 8. | Evidence to be obtained | The parties seek permission to produce the documents in the categories set forth in Exhibit B. The precise documents within those categories that will be produced will be those located in a reasonably diligent search, based in part upon an agreement by the parties regarding which set of custodians (who are reasonably believed to possess documents that are responsive to the categories in Exhibit B) will be searched, and which set of search terms will be used. |
| 9. | Documents or other property to be inspected | See Exhibit B, attached hereto |

| | | |
|---|---|---|
| 10. | Authority appointing Commissioner, pending approval of the Ministère de la Justice | United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street<br>New York, New York 10007-1312<br>United States of America |
| 11. | Commissioner | Renaud Thominette<br>Renault, Thominette, Vignaud –<br>Association d'avocats<br>31, avenue Hoche -75008 Paris<br>T: 01 58 05 43 05<br>F: 01 58 05 43 01 |
| 12. | The costs of the Hague Convention proceedings, including, without limitation, the fees of the Commissioner and the translation fees or costs, will be borne by | The parties identified in 6. (b) hereinabove, but each party will be responsible for the fees and expenses, if any, of its own attorneys relating to the Hague Convention proceedings. |

Dated: October __, 2011

_____
Hon. Frank Maas

## EXHIBIT A

1. This is a putative civil class action being actively litigated in the United States District Court for the Southern District of New York before Judge George B. Daniels. Plaintiffs allege, on behalf of a putative class of purchasers of certain Sanofi securities during the period from February 20, 2006 to June 13, 2007 (the "Class Period"), that Sanofi, a pharmaceutical company, and the individual defendants violated United States securities laws (Sections 10(b) and/or Section 20(a) of the Securities Exchange Act of 1934) by making certain misleading statements between regarding one of Sanofi's drugs in development, rimonabant. The complaint alleges that defendants' misleading statements artificially inflated the market price of Sanofi securities during the Class Period.

2. In April 2005 Sanofi, a French pharmaceutical company, submitted a New Drug Application ("NDA") to the United States Food and Drug Administration (the "FDA") for rimonabant, a drug for morbid obesity. On February 17, 2006, the FDA issued an "approvable letter" requesting additional submissions from Sanofi concerning the drug. On October 26, 2006, Sanofi completed its response to the requests in the FDA's approvable letter. On June 13, 2007, an FDA advisory committee decided not to recommend the drug for approval. Sanofi's stock price fell on June 13, 2007. Thereafter, rather than further pursuing the application, Sanofi determined to withdraw the NDA.

3. On November 13, 2007, the first of several lawsuits were filed against Sanofi in the Southern District of New York, alleging that it had made false or misleading statements regarding rimonabant, and on February 29, 2008, lead counsel and lead plaintiff were appointed by Judge George Daniels. On April 29, 2008 lead plaintiffs City of Edinburgh Council of the Lothian Pension Fund and New England Carpenters Guaranteed Annuity Fund (collectively, "Plaintiffs") filed a consolidated complaint. On September 25, 2009, Judge Daniels dismissed the consolidated complaint for failure to state a claim for relief. However, on July 27, 2010, the Court granted Plaintiffs' motion for reconsideration and gave Plaintiffs leave to file an amended consolidated complaint ("Complaint"), which they did, on July 28, 2010. On September 27, 2010, defendants filed their motion to dismiss the Complaint, arguing that the Complaint failed to allege the existence of a misstatement or actionable omission and failed to plead fraud with particularity.

4. On March 30, 2011, Judge Daniels issued a Memorandum Opinion denying in part and granting in part defendants' motion to dismiss. The Court sustained claims against Sanofi, and defendants Gérard Le Fur and Hanspeter Spek based on two alleged misstatements made by Le Fur and Spek, on February 24, 2006 and October 31, 2006, respectively.

5. The first statement found to be actionable was alleged to be made by Gérard Le Fur on February 24, 2006, shortly after Sanofi's receipt from the FDA of the approvable letter, when he allegedly stated on a Sanofi earnings call that "in the approvable letter, no additional trial in obesity has been requested by the agency and we will meet the FDA in the coming weeks to address all remaining issues." The Court held that it was plausible that this statement was misleading because "[a]n investor could have understood this statement to mean that, with respect to rimonabant as an obesity drug, the FDA had made

no other requests and/or that the FDA approval process was on track without any major concerns." Defendants deny that allegation.

6. The second statement alleged to be misleading was allegedly made by Hanspeter Spek on October 31, 2006, shortly after Sanofi's completion of its resubmission to the FDA in response to the approvable letter. On an analyst call, Spek was asked whether "additional data [was] submitted? Was additional data not submitted?" In response, he allegedly stated: "We have received an approvable letter and usually, and also in this case, an approvable letter contains questions. We have answered to those questions and as the approvable letter did not ask for new additional clinical trials, consequently it is easier for me to say that we have not submitted new data in this respect." The Court held that it was plausible that a reasonable investor could have "believe[d] that sanofi had not submitted new data on some issue that concerned the FDA." Defendants deny that allegation.

7. On April 15, 2011 plaintiffs served their First Request to Defendants for Production of Documents. On May 18, 2011, defendants served their responses, agreeing to produce certain documents requested by plaintiffs while objecting to other requests. On August 25, 2011 plaintiffs wrote to Judge Daniels seeking to compel defendants to produce documents responsive to certain of the requests to which they had objected. On August 30, 2011 Judge Daniels referred the dispute to Magistrate Judge Frank Maas, who on October 7, 2011 issued an oral order determining the appropriate scope of defendants' production obligations in response to the disputed requests.

## **EXHIBIT B**

1. [Request No. 1] Documents constituting Sanofi's hard-copy document retention policies applicable to the relevant documents set forth in these discovery requests.

2. [Request No. 2] Documents constituting Sanofi's policies and procedures for preserving, archiving or backing up the company's file and email servers, including those policies and procedures for the preserving, archiving or backing up of data residing on Sanofi's file and exchange servers, either created, modified, sent or received by the individual defendants and Sanofi executives or their executive/administrative assistants, and documents sufficient to identify the physical location of all Sanofi file and email servers storing relevant documents set forth in Exhibit B.

3. [Request No. 3] Documents sufficient to identify Sanofi's data protection officer, or officers, pursuant to Opinion No. 2009 - 474 of July 23, 2009, Making Recommendations about the Transfer of Personal Data in American Discovery Proceedings.

4. [Request No. 4] Communications from January 1, 2005 through November 13, 2007 between Sanofi and the SEC, NYSE, or Euronext regarding the approval process or approval status of rimonabant as a treatment for obesity in a jurisdiction in which a drug application was filed or the safety profile of the drug.

5. [Request No. 5] For the period January 1, 2005 to October 31, 2006, all documents, including drafts, relating to Sanofi's February 24, 2006 earnings conference call or its October 31, 2006 conference call with analysts and investors, to the extent such documents relate to Sanofi's actual or projected financial results, product pipeline, risks to product development or approval of rimonabant, that were publicly disseminated, including, but not limited to: (a) all press releases, annual reports, quarterly reports, proxy materials and other materials sent to Sanofi security holders or to any financial institutions, analysts, broker-dealers or investment banks; (b) all recordings, transcripts or summaries of electronic media broadcasts, including conference calls and interviews with, or statements by, Sanofi officers, directors or employees, concerning Sanofi; (c) all print/online media clippings and reproductions concerning Sanofi; and (d) all print/online media clippings and reproductions concerning rimonabant.

6. [Request Nos. 6 and 12] Documents from January 1, 2005 through November 13, 2007 concerning what Sanofi would say publicly regarding the FDA rimonabant approvable letter or the information and analyses requested of Sanofi in the approvable letter or suicidality.

7. [Request No. 7] Documents from January 1, 2005 through November 13, 2007 produced to the FDA concerning rimonabant as a treatment for any indication, including, without limitation, all documents concerning Phase II, Phase III and Phase IV trials.

8. [Request No. 8] Documents from January 1, 2005 through June 29, 2007 concerning the rimonabant new drug application ("NDA") for obesity submitted to the FDA in April 2005: (a) the NDA; (b) all correspondence and communications with the FDA concerning

rimonabant, including, but not limited to, the February 2006 approvable letter and correspondence regarding Dr. Posner's C-CASA analysis; (c) all documents relating to Dr. Posner, including communications between Sanofi and Dr. Posner and all documents and data exchanged with Dr. Posner; (d) Dr. Posner's assessment, including any drafts thereof; and (e) documents created by the rimonabant Data and Safety Monitoring Board.

9. [Request No. 9] Documents from January 1, 2005 through October 31, 2006 comprising: the rimonabant for obesity new drug marketing application submitted to the EMA in April 2005; all correspondence with the EMA concerning the rimonabant new drug marketing application, without limitation to any communications related in any way to FDA findings regarding suicidality and/or suicidal ideation; and all documents regarding actual or potential changes to rimonabant's warning label.

10. [Request No. 10] Any NDAs or new drug marketing applications filed with any other jurisdiction, to the extent any such applications were still pending between January 1, 2005 and October 31, 2006, as well as correspondence and communications with any such other jurisdiction concerning such application or concerning rimonabant, dated between January 1, 2005 and October 31, 2006.

11. [Request No. 17] Documents dated between January 1, 2005 and November 13, 2007 concerning Sanofi's presentations and the testimony made, or contemplated to be made, to the FDA advisory committee meeting on June 13, 2007, including drafts thereof, and communications regarding the June 13, 2007 FDA advisory committee meeting made by Sanofi personnel or any persons acting on Sanofi's behalf.

12. [Request No. 20] Documents, literature or materials Gérard Le Fur or Hanspeter Spek read, reviewed, or received regarding the safety of rimonabant from January 1, 2005 to June 13, 2007.

13. [Request No. 24] Board of Directors documents dated between January 1, 2005 and October 31, 2006 only to the extent they concern rimonabant, and Board of Director documents dated after October 31, 2006 and before November 13, 2007 only to the extent they concern Sanofi statements regarding rimonabant made on Sanofi's February 24, 2006 earnings conference call or its October 31, 2006 conference call with analysts and investors.

14. [Request No. 25] Documents concerning any Sanofi policies in effect between January 1, 2005 through November 13, 2007 regarding insider trading that were applicable to Gerard Le Fur or Hanspeter Spek.

15. [Request No. 26] Documents sufficient to show any transaction by Gérard Le Fur or Hanspeter Spek of any Sanofi security, option, or derivative during the period of January 1, 2005 through November 13, 2007.

16. [Request No. 28] Documents sufficient to show any Sanofi compensation received by Gérard Le Fur or Hanspeter Spek for any work completed during January 1, 2005 through November 13, 2007.

2

17. [Request No. 29] Documents between January 1, 2005 and November 13, 2007 showing calendar entries of individuals listed on defendants' Federal Rule of Civil Procedure 26(a)(1) initial disclosures to the extent they are, on their face, responsive to other document requests to which defendants have agreed to produce documents, or to the extent the entries are, on their face, concerning either meetings regarding rimonabant or the FDA or Executive Committee meetings.

18. [Request No. 30] The most current résumé or *curriculum vitae* of Gerard Le Fur and Hanspeter Spek.

19. [Request No. 31] Documents sufficient to identify Gerard Le Fur's and Hanspeter Spek's business phone numbers, business email addresses and secretaries or administrative assistants during the period of January 1, 2005 through November 13, 2007, and any other email addresses to which Gerard Le Fur or Hanspeter Spek received or sent relevant business communications, to the extent any such addresses exist.

20. [Request No. 34] Documents sufficient to show all research and development ("R&D") costs for rimonabant, including yearly and quarterly costs for the period of January 1, 2005 through November 13, 2007.

21. [Request No. 35] Documents sufficient to show the training costs for rimonabant sales staff on an annual basis for the years 2005-2008.

22. [Request No. 38] Rimonabant sales forecasts or reports dated during the period of January 1, 2005 through November 13, 2007, concerning actual or forecast sales of rimonabant as a treatment for any indication, including obesity, regardless of whether the forecasts addressed global sales or regional sales.

23. [Request No. 39] Revenues or earnings analyses dated during the period of January 1, 2005 through November 13, 2007 concerning potential or actual impact on Sanofi's revenues and earnings of the approval or denial of marketing rights for rimonabant including the June 13, 2006 FDA advisory committee vote, the EMA's requirement of additional safety warnings on the drug's label and the ultimate ban from marketing in the European Union.

24. [Request No. 43] Transfer records for all Sanofi securities traded with respect to ADRs, documents sufficient to show all purchases that occurred on a U.S. exchange.

25. [Request No. 46] U.S. Town Hall meeting documents between January 1, 2005 and November 13, 2007 to the extent they concern rimonabant.

26. [Request No. 47] Insurance policies that are subject to disclosure under Federal Rule of Civil Procedure 26(a)(1) concerning any insurance policy, indemnification agreement, hold harmless agreement or by-law under which any defendant may claim coverage to satisfy all or part of the potential liabilities resulting from any of the claims asserted in this litigation.

3

27. [Request No. 48] Documents sufficient to describe the organizational structure, including organizational charts, of Sanofi, to the extent they concern the individuals identified in defendants' 26(a)(1) initial disclosures, the document custodians agreed to by the parties, or the Investor Relations department.

28. [Request No. 49] Documents constituting Sanofi's disclosure controls and procedure policies, applicable January 1, 2005 through October 31, 2006, with regard to filings made with the SEC, including, but not limited to, periodic reports and press releases.

29. [Request No. 50] Documents and communications concerning Plaintiffs in this action.

30. [Request No. 53] Documents dated between January 1, 2005 and June 13, 2007 concerning any lawsuits asserted against Sanofi alleging that rimonabant caused suicidal thoughts or an actual suicide.