UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
In re SANOFI-AVENTIS SECURITIES   :   Civil Action No. 1:07-cv-10279-GBD
LITIGATION                        :
                                  :   <u>CLASS ACTION</u>
---------------------------------------- :
                                  :
This Document Relates To:         :
                                  :
    ALL ACTIONS.                  :
                                  :
---------------------------------------- x

CORRECTED DECLARATION OF SUSANNE TRIMBATH, PH.D., IN SUPPORT OF
PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE MAAS' NOVEMBER 15, 2011
ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RESPONSIVE TO
REQUEST 43(b) OF PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS

670556_1

I, SUSANNE TRIMBATH, declare as follows:

1. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I currently hold a Ph.D. in Economics from New York University with field qualifications in Economic Analysis of Law and International Trade and Finance. I have a Bachelor of Arts degree in business from California State University East Bay and an MBA degree from Golden Gate University. I was formerly the Senior Research Economist at the Milken Institute in the Capitol Studies Group. I am currently the Chief Executive Manager and Chief Economist of STP Advisory Services, LLC, where I perform independent research and consulting in Economics and Finance. I am also currently Assistant Professor in the College of Business at Bellevue University where I teach economics, finance and strategy in the graduate programs. I serve unpaid positions as Senior Advisor for the U.S. Chamber of Commerce Business Civic Leadership Center and Contributing Editor at NewGeography.com.

3. I have personal knowledge of securities trade settlement practices and programs based on my former employment as Director of Transfer Agent Services at the Depository Trust Company ("DTC"), now a subsidiary of the Depository Trust and Clearing Corporation ("DTCC"), and as Operations Analyst at the Pacific Clearing Corporation ("PCC") and Vault Manager at the Pacific Securities Depository Trust Company ("PSDTC"). I also acquired personal knowledge of securities trade clearing based on projects completed with the Philadelphia Securities Depository Trust Company, Midwest Securities Depository Trust Company, the International Securities Clearing Corporation ("ISCC") and another one of DTCC's subsidiaries, the National Securities Clearing Corporation ("NSCC").

4. I am knowledgeable about the DTCC and its subsidiaries' reporting systems, as well as other aspects of securities record-keeping by the DTCC relevant to trade clearing and settlement.

5. The federal securities laws state what clearing agencies do and what their role is in the financial markets. For instance, one of the primary functions of clearing agencies is to act as a custodian "of securities in connection with a system for the central handling of securities whereby all securities of a particular class or series of any issuer deposited within the system are treated as fungible and may be transferred . . . without physical delivery of securities certificates, or . . . otherwise permits or facilitates the settlement of securities transactions." 28 U.S.C. §78c(23)(A).

6. Clearing agencies eliminate the physical movement of securities among participants by providing what is known as "book-entry" delivery service, which transfers the ownership of securities electronically. Specifically, the DTC has been in operation since 1975 for the purpose of "immobilizing" securities – either holding security certificates on deposit in its vaults or converting them to book-entry-only for electronic safekeeping.

7. "Clearing agencies," as defined by the federal securities laws, are not "brokers." 28 U.S.C. §78c(23)(B)(iii). Rather, brokers utilize clearing agencies' custodial and transfer of ownership services and, when they do so, are referred to as "participants." 28 U.S.C. §78c(24).

8. Clearing agencies located in the United States, such as the DTCC, DTC, NSCC and its subsidiaries, OMGEO LLC and Pershing LLC, hold securities deposited by their customers ("participants" such as brokers and other clearing agencies) at their facilities, and exchange and transfer ownership of those securities primarily through electronic book-entry delivery.

9. The clearing and settlement process of a securities transaction represents the final and irrevocable exchange of cash and assets between the counterparties of the trade. In the alternative, once the seller delivers the securities and the purchaser pays for them, the transaction is complete.

This process is managed by clearing facilities such as DTCC, DTC, NSCC, OMGEO LLC and Pershing LLC at great efficiency.

10. I have reviewed certain letters addressed to the Court by defendants' counsel, dated October 21, 2011 and November 1, 2011. I have also reviewed evidence produced by the DTCC in this action.

11. In his October 21, 2011 letter to Magistrate Judge Maas (page 4), Lewis Liman, counsel for Sanofi, states that "buy and sell orders for [Sanofi's] ordinary shares must be placed in Europe and purchases and sales must clear through LCH.Clearnet (a foreign clearing house) and settle through Euroclear France" and "ordinary share purchases have no connection to clearing agencies in the United States."

12. However, a DTCC record of a March 30, 2007 transaction of Sanofi common stock (CUSIP No. F8851N101 and symbol SNYNF) reflects that a DTCC participant (No. 0141 – selling broker) transferred ownership of 170 Sanofi ordinary shares to another DTCC participant (No. 0234 – purchasing broker) in exchange for payment of $86.30 per share (total value exchange $14,671.00). This document reflects that the transfer of ownership of 170 shares of Sanofi common stock – the completion of the transaction – occurred in the United States on DTCC clearing facilities. This is consistent with how the DTCC clearing agencies function and consistent with the assertion that transactions in Sanofi common stock occurred in the United States during 2006 and 2007.

13. Sanofi common shares trade on Euronext as symbol SAN and International Stock Identification Number (ISIN) FR 0000120578. The American Depository Receipt program shares trade on the New York Stock Exchange as symbol SNY and CUSIP number 80105N105000. The symbol SNYNF is associated with ordinary shares of Sanofi. Further, the "Control Number" for both the buyer's and seller's records match ("CONTROL NO: 110932001092"), indicating that the

trade details were entered separately and matched (the trade cleared) at DTCC. DTCC trades are cleared at the entities' facilities in New York City. Accordingly, the example set forth above demonstrates that Mr. Liman's statement that "ordinary share purchases have no connection to clearing agencies in the United States," is not correct.

14. It is my understanding that, to date, plaintiffs have identified at least 200 additional instances of Sanofi's common stock transferring ownership on DTCC owned facilities between February 20, 2006 and June 13, 2007.

15. Finally, the DTCC records I saw are trade summaries; the transactions are deliver orders (from the seller) and receive orders (to the buyer). They are also "non-CNS," or not a part of the Continuous Net Settlement system which would be used for most trades coming to DTCC for settlement from organized exchanges. Therefore, based on my experience, these records evidence actual domestic transactions taking place between two members of DTCC. Again, these facts are contrary to Mr. Liman's statement that "buy and sell orders . . . must be placed in Europe."

16. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: December 9, 2011

_____
SUSANNE TRIMBATH, PH. D.

CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 9, 2011.

                                               s/ LAURIE L. LARGENT
                                               LAURIE L. LARGENT

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:       LLargent@rgrdlaw.com

# Mailing Information for a Case 1:07-cv-10279-GBD-FM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Laurie L. Largent**
  llargent@rgrdlaw.com

- **Lewis J. Liman**
  lliman@cgsh.com,maofiling@cgsh.com,mvogele@cgsh.com,lpeacock@cgsh.com,gmokodean@cgsh.com,skaiser@cgsh.com

- **L. Dana Martindale**
  dmartindale@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,stremblay@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`