UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re SANOFI-AVENTIS SECURITIES LITIGATION | Civil Action No. 1:07-cv-10279-GBD |
|  | <u>CLASS ACTION</u> |
| This Document Relates To: |  |
| ALL ACTIONS. |  |

DECLARATION OF SUSANNE TRIMBATH, PH.D. IN SUPPORT OF LEAD PLAINTIFF NEW ENGLAND CARPENTERS GUARANTEED ANNUITY FUND AND HAWAII ANNUITY TRUST FOR OPERATING ENGINEERS' RENEWED MOTION FOR CLASS CERTIFICATION

679562_1

1. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I currently hold a Ph.D. in Economics from New York University with field qualifications in Economic Analysis of Law and International Trade and Finance. I have a Bachelor of Arts degree in business from California State University East Bay and an MBA degree from Golden Gate University. I was formerly the Senior Research Economist at the Milken Institute in the Capitol Studies Group. I am currently the Chief Executive Manager and Chief Economist of STP Advisory Services, LLC, where I perform independent research and consulting in Economics and Finance. I am also currently Assistant Professor in the College of Business at Bellevue University where I teach economics, finance and strategy in the graduate programs. I serve unpaid positions as Senior Advisor for the U.S. Chamber of Commerce Business Civic Leadership Center and Contributing Editor at NewGeography.com.

3. I have personal knowledge of securities trade clearing and settlement practices and programs that take place through clearing agencies located in the United States based on my former employment at such agencies, including my experience as Director of Transfer Agent Services at the Depository Trust Company ("DTC"), now a subsidiary of the Depository Trust and Clearing Corporation ("DTCC"), and as Operations Analyst at the Pacific Clearing Corporation ("PCC") and Vault Manager at the Pacific Securities Depository Trust Company ("PSDTC"). I also acquired personal knowledge of securities trade clearing and settlement based on projects completed with the Philadelphia Securities Depository Trust Company, Midwest Securities Depository Trust Company, the International Securities Clearing Corporation ("ISCC") and another one of DTCC's subsidiaries, the National Securities Clearing Corporation ("NSCC").

4. I am knowledgeable about the DTCC and its subsidiaries' reporting systems, as well as other aspects of securities record-keeping by the DTCC relevant to trade clearing and settlement.

5. The federal securities laws state what clearing agencies do and what their role is in the financial markets. For instance, one of the primary functions of clearing agencies is to act as a custodian "of securities in connection with a system for the central handling of securities whereby all securities of a particular class or series of any issuer deposited within the system are treated as fungible and may be transferred . . . without physical delivery of securities certificates, or . . . otherwise permits or facilitates the settlement of securities transactions." 28 U.S.C. §78c(23)(A).

6. Clearing agencies eliminate the physical movement of securities among participants by providing what is known as "book-entry" delivery service, which transfers the ownership of securities electronically. Specifically, the DTC has been in operation since 1975 for the purpose of "immobilizing" securities – either holding security certificates on deposit in its vaults or converting them to book-entry-only for electronic safekeeping.

7. "Clearing agencies," as defined by the federal securities laws, are not "brokers." 28 U.S.C. §78c(23)(B)(iii). Rather, brokers utilize clearing agencies' custodial and transfer of ownership services and, when they do so, are referred to as "participants." 28 U.S.C. §78c(24).

8. Clearing agencies located in the United States, such as the DTCC, DTC, NSCC and its subsidiaries, OMGEO LLC and Pershing LLC, hold securities deposited by their customers ("participants" such as brokers and other clearing agencies) at their facilities. Additionally, issuers of securities are typically required to execute letters of representation with the DTCC to have their securities eligible for services through the DTCC system. In either case, all securities deposited by participants and issuers with DTC are registered in the name of DTC's partnership nominee, Cede & Co.

9. In most securities transactions that take place through DTCC, the exchange and transfer of ownership of securities occurs through electronic book-entry delivery. When a broker participant purchases a security under the DTCC system for a beneficial owner, the broker participant receives a credit for the purchased security on DTCC's records. The ownership interest of the ultimate purchaser of the security is in turn recorded on the broker participant's records. DTCC's records reflect the identity of the broker participant to whose account the securities are credited. Though its subsidiary National Securities Clearing Corporation ("NCSS"), the DTCC maintains a Continuous Net Settlement ("CNS") system that processes securities transactions through an automated book-entry accounting system that centralizes settlement and maintains an orderly flow of security and money balances on a continuous basis. When transactions are not part of the DTCC's CNS system (*i.e.* the transaction does not take place on an exchange), ownership can still be transferred through the DTCC system in the United States.

10. As discussed in ¶¶14-17 below, the documents in this case show that broker-to-broker transactions in Sanofi's common stock took place at the DTCC that were not part of the CNS system. In such broker-to-broker transactions, DTCC's role is expanded. For example, if a security is not eligible for CNS, a stock broker (on behalf of an investor) may find another broker offering to sell (posting an "asking" price) in the open market. After agreeing to the terms of the trade, the details are entered to the DTCC system as deliver orders (DO) and receive orders (RO). The DTCC system compares the details entered by the counterparties (buyer and seller); if they match, then a control number is assigned and the value of the trade is entered into the daily settlement for each participant.

11. In these types of broker-to-broker non-CNS transactions, the entire clearing and settlement process of a securities transaction, which begins when the trade is executed, happens on

- 3 -

the DTCC system and represents the final and irrevocable exchange of cash and assets between the counterparties of the trade. The delivery of securities to buyers and the payment of money to sellers occurs when the broker participants instruct their settling bank to send or receive funds to/from the DTC. If either party fails to make payment for settlement, the DO and RO instructions will be voided. This process is managed by clearing facilities such as DTCC, DTC, NSCC, OMGEO LLC and Pershing LLC at great efficiency.

12. I have reviewed certain letters addressed to the Court by defendants' counsel, dated October 21, 2011 and November 1, 2011. I have also reviewed evidence produced by the DTCC in this action.

13. In his October 21, 2011 letter to Magistrate Judge Maas (page 4), Lewis Liman, counsel for Sanofi, states that "buy and sell orders for [Sanofi's] ordinary shares must be placed in Europe and purchases and sales must clear through LCH.Clearnet (a foreign clearing house) and settle through Euroclear France" and "ordinary share purchases have no connection to clearing agencies in the United States."

14. However, a DTCC record of a March 30, 2007 transaction of Sanofi common stock (CUSIP No. F8851N101 and symbol SNYNF) reflects that a DTCC participant (No. 0141 – selling broker) transferred ownership of 170 Sanofi ordinary shares to another DTCC participant (No. 0234 – purchasing broker) in exchange for payment of $86.30 per share (total value exchange $14,671.00). This document reflects that the transfer of ownership of 170 shares of Sanofi common stock – the completion of the transaction – occurred in the United States on DTCC clearing facilities. This is consistent with how the DTCC clearing agencies function and consistent with the assertion that transactions in Sanofi common stock occurred in the United States during 2006 and 2007.

15.     Sanofi common shares trade on Euronext as symbol SAN and International Stock Identification Number (ISIN) FR 0000120578. The American Depository Receipt program shares trade on the New York Stock Exchange as symbol SNY and CUSIP number 80105N105. The symbol SNYNF and the CUSIP F5548N101 are associated with ordinary shares of Sanofi. Further, the "Control Number" for both the buyer's and seller's records match ("CONTROL NO: 110932001092"), indicating that the trade details were entered separately and matched (the trade cleared) at DTCC. DTCC trades are cleared at the entities' facilities in New York City. Accordingly, the example set forth above demonstrates that Mr. Liman's statement that "ordinary share purchases have no connection to clearing agencies in the United States," is not correct.

16.     It is my understanding that, to date, plaintiffs have identified at least 200 additional instances of Sanofi's common stock transferring ownership on DTCC owned facilities between February 20, 2006 and June 13, 2007.

17.     Finally, the DTCC records I saw are trade summaries; the transactions are deliver orders (from the seller) and receive orders (to the buyer). They are also "non-CNS," or not a part of the Continuous Net Settlement system which would be used for most trades coming to DTCC for settlement from organized exchanges. Therefore, based on my experience, these records evidence actual domestic transactions taking place between two members of DTCC. Again, these facts are contrary to Mr. Liman's statement that "buy and sell orders . . . must be placed in Europe."

18.     Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: January 24, 2012

_____
SUSANNE TRIMBATH, Ph. D.

679562_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 1, 2012.

                                               s/ TRIG R. SMITH
                                               TRIG R. SMITH

                                               ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
                                               655 West Broadway, Suite 1900
                                               San Diego, CA  92101-3301
                                               Telephone: 619/231-1058
                                               619/231-7423 (fax)

                                               E-mail:  TrigS@rgrdlaw.com

# Mailing Information for a Case 1:07-cv-10279-GBD-FM

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Laurie L. Largent**
  llargent@rgrdlaw.com

- **Lewis J. Liman**
  lliman@cgsh.com,maofiling@cgsh.com,mvogele@cgsh.com,lpeacock@cgsh.com,gmokodean@cgsh.com,cfagg@cgsh.com,skaiser@cgsh.com

- **L. Dana Martindale**
  dmartindale@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,stremblay@rgrdlaw.com,e_file_sd@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`