UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| —————————————————— x |  |  |
| In re SANOFI-AVENTIS SECURITIES LITIGATION | : | Civil Action No. 1:07-cv-10279-GBD |
| —————————————————— | : | CLASS ACTION |
|  | : |  |
| This Document Relates To: | : | **ECF CASE** |
|  | : |  |
|     ALL ACTIONS. | : |  |
| —————————————————— x |  |  |

SETTLEMENT AGREEMENT

This Settlement Agreement dated September 19, 2013 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined herein): (i) Plaintiff and Class Representative Hawaii Annuity Trust for Operating Engineers ("Hawaii OE" or "Plaintiff"), by and through its counsel of record in the Litigation (as defined herein); and (ii) sanofi-aventis SA ("Sanofi"), Gerard Le Fur, and Hanspeter Spek (collectively "Defendants"), by and through their counsel of record in the Litigation. This Stipulation is intended by the Settling Parties, and with respect to ¶¶1.25, 1.30, 4.1, 4.4, 5.1, 9.1, 9.2, 9.4, 9.7, 9.12-9.14 hereto, the Settling Parties and the Representative Plaintiffs, to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

On November 13, 2007, the City of Taylor General Employees Retirement System filed a class action lawsuit on behalf of Sanofi shareholders against Defendants alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder. By an order dated February 29, 2008, the Court appointed various funds to serve as "Lead Plaintiffs" pursuant to the requirements of the Private Securities Litigation Reform Act of 1995, and appointed Robbins Geller Rudman & Dowd LLP (then known as Coughlin Stoia Geller Rudman & Robbins LLP) to serve as Lead Counsel. On April 29, 2008, Lead Plaintiffs filed a Consolidated Complaint for Violations of the Federal Securities Laws ("Consolidated Complaint"). The Consolidated Complaint alleged that Defendants[1] issued misleading statements and omitted

---

[1]    In addition to Defendants, the Consolidated Complaint also named the following Sanofi executives as defendants: Marc Cluzel, Jean François Dehecq, Douglas Greene, Jean-Pierre Lehner, and Jean-Claude Leroy ("Former Defendants").

- 1 -

material facts regarding the safety and approvability of the drug rimonabant (also known as Acomplia or Zimulti) for the treatment of obesity.  Lead Plaintiffs alleged that Defendants' omissions and misrepresentations caused Sanofi securities to trade at artificially inflated prices during the proposed class period and that Lead Plaintiffs and members of the proposed Class were damaged as a result.

Defendants denied all these allegations. Specifically, Defendants contended that they did not make any false or misleading statement, that they disclosed all information about the safety and approvability of rimonabant for obesity required to be disclosed by the federal securities laws, and that any omitted or misstated information was not material.  Defendants also contended that when the information regarding the safety of rimonabant was disclosed, Sanofi's share price was not affected, that members of the proposed Class did not rely on any false or misleading statements by Defendants, and that any losses suffered by members of the proposed Class were not caused by any false or misleading statements by Defendants or were caused by intervening events including events related to FDA decisions regarding the approval of rimonabant.

On September 25, 2009, the Court granted the motion to dismiss filed by Sanofi, in which all other defendants joined.  On October 9, 2009, Lead Plaintiffs filed a motion for reconsideration of the dismissal order. On July 27, 2010, the Court granted the motion for reconsideration and granted Lead Plaintiffs' request for leave to file an amended complaint.   Lead Plaintiffs filed the First Amended Complaint on July 28, 2010 ("First Amended Complaint" or "FAC").  The FAC asserted claims under §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder against Defendants on behalf of a putative class of purchasers of Sanofi ordinary shares and American Depositary Receipts ("ADRs") for the period February 20, 2006 to June 13, 2007 (the "Alleged Class Period").  On March 30, 2011, the Court denied Defendants' motion to dismiss the FAC as to

Defendants Sanofi, Le Fur, and Spek, and granted the motion as to the Former Defendants. The Court dismissed Lead Plaintiffs' allegations with respect to eight alleged false or misleading statements and sustained the FAC's allegations with respect to two alleged false and misleading statements.

Defendants answered the FAC on May 20, 2011, denying all material allegations of the FAC and asserting their defenses. Defendants contended that they did not make any false or misleading statement, that they disclosed all information about the safety and approvability of rimonabant for obesity required to be disclosed by the federal securities laws, and that any omitted or misstated information was not material. Defendants also contended that when the information regarding the safety of rimonabant was disclosed, Sanofi's share price was not affected, that members of the proposed Class did not rely on any false or misleading statements by Defendants, and that any losses suffered by members of the proposed Class were not caused by any false or misleading statements by Defendants or were caused by intervening events including events related to FDA decisions regarding the approval of rimonabant.

On February 1, 2012, Hawaii OE and New England Carpenters Guaranteed Annuity Fund ("N.E. Carpenters") filed a renewed motion for an order certifying a class defined as "[a]ll purchasers of Sanofi American Depository Receipts ('ADRs') and United States-based purchasers of Sanofi common stock in domestic transactions during the period February 20, 2006 through June 13, 2007 (the 'Class Period'), who were damaged as a result of defendants' violations of federal securities laws." On March 20, 2013, the Court entered an order granting the motion in part and denying the motion in part. The Court certified a Class defined as "[a]ll purchasers of Sanofi American Depository Receipts ('ADRs') during the period February 24, 2006 through June 13, 2007, who were damaged as a result of defendants' violations of federal securities laws." The Court

858612_4

also appointed Hawaii OE as Class Representative and Robbins Geller Rudman & Dowd LLP as Class Counsel. The Court denied the motion to certify a class of all "United States-based purchasers of Sanofi common stock in domestic transactions during the period February 24, 2006 through June 13, 2007 who were damaged as a result of defendants' violations of federal securities laws." The Court held that N.E. Carpenters could not serve as a class representative because it did not have a cognizable cause of action under *Morrison v. National Australia Bank*, ___ U.S. ___, 130 S. Ct. 2869 (2010). Prior to the Court's Order on class certification, the Parties were involved in merits discovery, including the production of documents. Following the Court's Order on class certification, the Parties continued to be involved in discovery, including witness depositions and document production.

During the Litigation, the Settling Parties engaged the services of Judge Layn Phillips (Ret.), a nationally-recognized mediator. The parties engaged in an in-person mediation session on May 28, 2013 with Judge Phillips and had numerous telephonic exchanges regarding a potential settlement of the Litigation. Ultimately, the parties agreed to settle the action based on the proposal of Judge Phillips.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiff in the Litigation. Defendants expressly have denied and continue to deny any improper conduct or violation of the federal securities laws or any other laws or regulations and are settling the Litigation to avoid the burden, expense, and risks of further litigation. In addition, Defendants have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other

- 4 -

allegations, the allegations that Defendants made any false or misleading statements or actionable omissions regarding rimonabant; that Defendants omitted to disclose any information required to be disclosed by federal securities laws; that any information misstated or omitted was material; that Plaintiff or the Class have suffered any damage caused by Defendants; that the price of Sanofi ADRs was artificially inflated by reasons of alleged misrepresentations, non-disclosures, or otherwise; that Plaintiff or the Class were harmed by the conduct alleged in the Litigation; that Plaintiff relied on any false or misleading statements or actionable omissions; or that Defendants knew or were reckless with respect to the alleged misconduct or possessed scienter with respect to such alleged conduct.  Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation and believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendants have concluded that further conduct of the Litigation would be protracted, burdensome, and expensive, and that it is desirable that the Litigation be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

This Stipulation, and all related documents, shall not be construed as or deemed to be evidence of or an admission or concession on the part of the Defendants, or any of the Related Parties (as defined herein), with respect to any allegation or claim of any fault or liability or wrongdoing or damage whatsoever.

## III.    PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation

858612_4

against Defendants through trial and through appeals. Plaintiff and Class Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiff and Class Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiff and Class Counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiff and Class Counsel have determined that the Settlement set forth in the Stipulation is in the best interests of Plaintiff and the Class.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the parties hereto, including Plaintiff (for itself and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the settlement set forth herein, the Litigation, and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties and Representative Plaintiffs, upon and subject to the terms and conditions of the Stipulation, as follows:

### 1.   Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3     "Class" means all Persons (other than those Persons and entities who timely and validly request exclusion from the Class) who purchased Sanofi ADRs during the time period February 24, 2006 through June 13, 2007, inclusive, excluding Defendants, the officers and directors of Sanofi during the Class Period, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

1.4     "Class Counsel" means Robbins Geller Rudman & Dowd LLP, Tor Gronborg, Ellen Gusikoff Stewart, Trig Smith, Laurie Largent, 655 W. Broadway, Suite 1900, San Diego, CA 92101.

1.5     "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.6     "Class Period" means the period commencing on February 24, 2006 through and including June 13, 2007.

1.7     "Defendants" means Sanofi, Gerard Le Fur, and Hanspeter Spek.

1.8     "Effective Date," or the date upon which this Settlement becomes "effective," means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have occurred and been satisfied, respectively.

1.9     "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.10    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an

- 7 -

appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or petition or request for further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any appeals as of right, discretionary appeals, interlocutory appeals, petitions for a writ of certiorari or mandamus, or other writs or motions for rehearing or reconsideration that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal that concerns only the issue of Class Counsel's fees and expenses, payment to the Representative Plaintiffs, the Plan of Allocation of the Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.11    "Former Defendants" means Marc Cluzel, Jean François Dehecq, Douglas Greene, Jean-Pierre Lehner, and Jean Claude Leroy.

1.12    "Individual Defendants" means Gerard Le Fur and Hanspeter Spek.

1.13    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.14    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Tor Gronborg, Ellen Gusikoff Stewart, Trig Smith, Laurie Largent, 655 W. Broadway, Suite 1900, San Diego, CA 92101.

1.15    "Litigation" means Civil Action No. 1:07-cv-10279-GBD and/or 1:08-cv-00021-GBD in the United States District Court for the Southern District of New York.

1.16    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses, and interest and any award to the Representative Plaintiffs, provided for herein or

- 8 -

approved by the Court and less notice and administration costs, Taxes and Tax Expenses, and other Court-approved deductions.

1.17   "Notice Date" means the date on which Class Counsel shall cause a copy of the Notice and Proof of Claim, substantially in the forms of Exhibits A-1 and A-2 attached hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort.

1.18   "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.19   "Plaintiff" means Hawaii Annuity Trust for Operating Engineers.

1.20   "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest, as well as Representative Plaintiffs' expenses, if any, as may be awarded by the Court.  Any Plan of Allocation is not part of this Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.21   "Related Parties" means each of a Defendant's or Former Defendant's families, parent entities, business units, business divisions, associates, affiliates or subsidiaries and each and all of the past, present, or future officers, directors, stockholders, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, reinsurers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, of each of them or their affiliates or subsidiaries, and each of their respective predecessors, successors and assigns or other Persons or

- 9 -

858612_4

other entities in which any Defendant or Former Defendant has a controlling interest or which is related to or affiliated with any Defendant or Former Defendant, and any other representatives of any of these Persons or other entities, whether or not any such Related Parties were named, served with process or appeared in the Litigation.

    1.22    "Released Claims" shall include, any and all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed that have been or could have been asserted in the Litigation or in any court, tribunal, forum, or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law statute, rule or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class against any of the Released Persons (i) that were asserted or could have been asserted in the First Amended Complaint by any of the Representative Plaintiffs or Class Members, (ii) that would have been barred by res judicata had the Litigation been fully litigated to a final judgment, or (iii) that could have been, or could in the future be, asserted in any forum or proceeding or otherwise by any Representative Plaintiff or Class Member against any of the Released Persons (a) that concern, arise out of, refer to, are based upon, or are related in any way to, any of the subject matter, allegations, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in the First Amended Complaint; and (b) that relate to the purchase or acquisition during the Class Period (or with respect to any claim based upon federal, state, or foreign securities law, ownership or possession) of any securities issued by Sanofi, including Sanofi ordinary shares.  This Release

extends to all Released Persons. "Released Claims" includes "Unknown Claims" as defined in ¶1.30 hereof.

1.23    "Released Persons" means each and all of the Defendants and the Former Defendants and each of the Defendants' and Former Defendants' Related Parties.

1.24    "Representative Plaintiffs" means Hawaii Annuity Trust for Operating Engineers, New England Carpenters Guaranteed Annuity Funds and City of Edinburgh Council on Behalf of the Lothian Pension Fund.

1.25    "Settlement" means the settlement to be consummated under this Stipulation, including without limitation the Settlement Amount and the provision for the Released Claims and the Released Parties as contained herein, between and among (i) Plaintiff, on behalf of itself and the Class Members, and the Representative Plaintiffs, and (ii) Defendants.

1.26    "Settlement Amount" means Forty Million Dollars ($40,000,000.00) in cash to be paid by or on behalf of Defendants pursuant to ¶2.1 of this Stipulation.

1.27    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.28    "Settling Parties" means, collectively, the Defendants, Plaintiff, and the Class.

1.29    "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation or net worth; taxes or other charges in the nature of

excise, withholding ad valorem, stamp, transfer, value added or gains taxes; license registration and documentation fees; and customs duties, tariffs, and similar charges.

      1.30   "Unknown Claims" means any Released Claims that any Representative Plaintiff or Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties and the Representative Plaintiffs stipulate and agree that, upon the Effective Date, Plaintiff and the Representative Plaintiffs shall expressly waive and each of the Representative Plaintiffs and Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff and the Representative Plaintiffs expressly waives and each of the Representative Plaintiffs and Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  Plaintiff, Representative Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiff shall expressly settle and release and each Representative Plaintiff and Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or

- 12 -

858612_4

non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff acknowledges, and the Representative Plaintiffs and Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**2.      The Settlement**

        **a.             The Settlement Fund**

2.1      (a)      In consideration of full and final settlement, satisfaction, compromise, and release of the Released Claims, and subject to the provisions of this Stipulation including ¶8.3, Defendants shall pay or cause to be paid the Settlement Amount by check or wire transfer into an escrow account in accordance with instructions to be provided by the Escrow Agent (the "Settlement Account") by no later than twenty (20) business days after the entry of an order by the District Court granting preliminary approval of the Settlement.  Class Counsel shall provide Defendants with the necessary details of the Settlement Account (name/address of bank, routing number, account number, and account name).  The Escrow Agent shall deposit the Settlement Amount in a segregated escrow account maintained by the Escrow Agent.  The Settling Parties agree that payment of the Settlement Amount shall be effected by and the responsibility of Sanofi and not the Individual Defendants.

        (b)      Lead Counsel may draw from the Settlement Account immediately after the funding described in ¶2.1(a) in order to pay the reasonable costs of providing notice of the settlement to the Class Members, as well as customary administration costs, up to a maximum of $250,000.

- 13 -

With the exception of amounts disbursed for providing notice to the Class, customary administration costs, taxes, and the payment of any awarded attorneys' fees and expenses as set forth in ¶7.2, the Settlement Account (including accumulated interest) shall not be distributed until the Judgment becomes Final.

### b.        The Escrow Agent

2.2     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in short term United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to the Stipulation and/or further order(s) of the Court.

2.6     Without further order of the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the

Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim forms, and paying escrow fees and costs, if any ("Notice and Administration Expenses").

   **c.**    **Taxes**

  2.7  The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

    (b)  For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

    (c)  All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by

the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for any Taxes or Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

   d.    **Termination of Settlement**

  2.8  In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses up to a maximum of $250,000 or Taxes or Tax Expenses paid, incurred, or

- 16 -

due and owing in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from counsel to the Defendants in accordance with ¶8.5 herein.

### 3.   Preliminary Approval Order and Settlement Hearing

3.1   Promptly after execution of the Stipulation, Class Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶7.1 hereof, and the date of the Settlement Hearing as defined below.

3.2   Class Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Class Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and the Representative Plaintiffs' request for expenses, if any.

### 4.   Releases

4.1   Upon the Effective Date, as defined in ¶1.8 hereof, the Representative Plaintiffs shall have, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of

Claim or shares in the Settlement Fund. Claims to enforce the terms of this Stipulation are not released.

4.2   The Proof of Claim to be executed by Class Members shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3   Upon the Effective Date, as defined in ¶1.8 hereof, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind (whether within the United States or not) that tries to assert the Released Claims against any of the Released Persons.

4.4   Upon the Effective Date, as defined in ¶1.8 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all current and former named plaintiffs, their counsel, and the Class (except any Class Member who opts out of the Settlement) for all claims arising out of the initiation, litigation, and resolution of the Litigation, except claims to enforce the Settlement. The Defendants and the Representative Plaintiffs, and their counsel, agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and that the proposed final judgment will contain a statement to reflect this compliance. No current or former party shall assert or pursue any action, claims or rights that any current or former party violated any provision of Rule 11 of the Federal Rules of Civil Procedure or otherwise assert that the case was not brought or defended in good faith.

**5.   Dismissal of Litigation**

5.1   Upon the Court entering the Judgment, as defined in ¶1.13 hereof, the Litigation shall be dismissed against the Defendants with prejudice and without costs.

- 18 -

858612_4

6.     **Administration and Calculation of Claims and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim forms, and paying escrow fees and costs, if any, as described in ¶2.6 hereof;

(b)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

(c)     to pay attorneys' fees and expenses of Class Counsel to the Plaintiff and Class (the "Fee and Expense Award"), and any Representative Plaintiff's expenses, if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶6.4-6.10.

6.4     Within ninety (90) days after the Notice Date or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims

858612_4

Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

6.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Class Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

6.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the initial date of distribution of the Net Settlement Fund, Class Counsel shall, if feasible, allocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall either be distributed to the Authorized Claimants or donated to an appropriate non-sectarian, not-for-profit, 501(c)(3) organization identified by Class Counsel and approved by the Court.

6.7     Payment from the Net Settlement Fund made pursuant to and in the manner set forth above shall be deemed conclusive of compliance with this Stipulation as to all Authorized Claimants.

- 20 -

6.8    The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶6.1-6.10 hereof; and the Class Members, Representative Plaintiffs and Class Counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the investment or distribution of the Settlement Fund.

6.9    No Person shall have any claim against Plaintiff, Class Counsel or the Claims Administrator, or any other Person designated by Class Counsel, based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.  Other than claims that distributions were not made substantially in accordance with the Stipulation and the Settlement contained herein, when the Court approves distribution to the Class, all claims of any Class Member against Plaintiff, Class Counsel or the Claims Administrator concerning or arising out of this Litigation will be forever extinguished.

6.10    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel the Stipulation or affect or delay the finality of the

858612_4

Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**7.      Class Counsel's Attorneys' Fees and Expenses**

7.1      Class Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Class Counsel reserves the right to make additional applications for fees and expenses incurred.

7.2      Any attorneys' fees and expenses awarded to Class Counsel by the Court shall be paid to Class Counsel immediately upon award, notwithstanding the existence of any timely-filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's several obligation to make appropriate refunds or repayments of any such funds in the event the Settlement is not finally approved or the Settlement is overturned on appeal as more particularly set forth below. Class Counsel may thereafter allocate the attorneys' fees among other counsel for any named plaintiff or the Class in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

7.3      Class Counsel shall be obligated and liable to repay to the Settlement Fund within ten (10) business days from receiving notice from the Counsel for Defendants or from a court of appropriate jurisdiction, such fees, expenses, and costs, previously paid or otherwise transferred to Class Counsel from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund (a) in the full amount if the Effective Date does not occur, or the Settlement is

- 22 -

858612_4

terminated in accordance with ¶8.3 below, or (b) in such other amount corresponding to that portion of any fee and expense award that is reversed or modified.

7.4     Any Representative Plaintiff may submit an application for its expenses incurred in the prosecution of the Litigation.  However, in the event that the Effective Date does not occur, or the judgment or the order approving an application for time and expenses is reversed or modified, or the Stipulation is canceled or terminated for any other reason, then any Representative Plaintiff shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such amount previously paid to it from the Settlement Fund for time and expenses in an amount consistent with such reversal or modification, plus interest thereon.

7.5     The procedure for and the allowance or disallowance by the Court of any applications by Class Counsel for attorneys' fees and expenses, or the expenses of any Representative Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any Representative Plaintiff's expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein.

7.6     Any award of attorneys' fees and expenses to Class Counsel shall be paid exclusively from the Settlement Fund.  In no event shall Defendants otherwise be obligated to pay for such attorneys' fees and expenses.  Defendants and their Related Parties shall have no responsibility for

- 23 -

any payment of attorneys' fees and expenses to Class Counsel or payment of expenses to any Representative Plaintiff.

7.7     Defendants and their Related Parties shall have no responsibility for the allocation among Plaintiff's counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**8.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     Defendants have timely made or caused to be made their contributions to the Settlement Fund, as required by ¶2.1 hereof;

(b)     Defendants have not exercised the option set forth in ¶8.3;

(c)     the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)     the Judgment has become Final, as defined in ¶1.10 hereof.

8.2     Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.5 hereof unless Class Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

8.3     The Defendants shall have the option to terminate the Settlement in the event that Class Members representing more than a certain percentage of Sanofi ADRs purchased during the

- 24 -

Class Period have timely and validly excluded themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between the Plaintiffs and the Defendants. If the Court requires that the Supplemental Agreement be filed, it shall be filed under seal with the Court.

8.4     In order to effectuate the provisions of ¶8.3 hereof, the schedule reflected in the Preliminary Approval Order, substantially in the form of Exhibit A, shall provide that any requests for exclusion must be postmarked (or hand delivered) at least thirty (30) days prior to the Settlement Hearing. To be valid, a Request for Exclusion must state all of the information requested in question 13 of the Notice attached hereto as Exhibit A-1. Upon receiving any request(s) for exclusion, Class Counsel shall provide within three (3) business days copies of such request(s) to Defendants' counsel via facsimile or electronic mail, and in any event not less than twenty-one (21) days prior to the Settlement Hearing. It is a material term of this Stipulation that no member of the Class may opt out of or otherwise be excluded from the Settlement any later than thirty (30) days prior to the date set for the Settlement Hearing.

8.5     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Defendants or Class Counsel, the Settlement Fund, less expenses that have either been disbursed pursuant to ¶¶2.6 and 2.7 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.6 and 2.7 hereof, in both cases, up to a maximum of $250,000, or any funds received by Class Counsel shall be refunded as directed by Defendants' Counsel, in all cases including accrued interest. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or

858612_4

expenses incurred in connection with such application(s) for refund, directly to the entities that provided the funds as directed by Defendants' Counsel.

8.6     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of July 16, 2013.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.30, 2.6-2.8, 7.3-7.4, 8.5-8.7, and 9.3-9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to any of Plaintiff's counsel or expenses to any Representative Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

8.7     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiff nor any of its counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.6 or 2.7.  In addition, any expenses already incurred pursuant to ¶¶2.6 (up to a maximum of $250,000) or ¶2.7 hereof at the time of such termination or cancellation but that have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 8.5 hereof.

9.     **Miscellaneous Provisions**

9.1     The Settling Parties and Representative Plaintiffs (a) acknowledge that it is their intent to consummate the Settlement; and (b) agree to cooperate to the extent reasonably necessary to

- 26 -

858612_4

effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2     This Settlement is intended to be a final and complete resolution of all disputes between them with respect to the Litigation, including all disputes between the Representative Plaintiffs and Defendants.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Neither this Stipulation, the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or the FAC or of the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Defendants or their respective Related Parties are or become parties, other than in such proceedings as may be necessary to consummate or enforce this Stipulation, the Settlement, or the Judgment.  Notwithstanding the foregoing, the Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them with respect to any

- 27 -

858612_4

Released Claims in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4     Except as Class Counsel and Defendants' Counsel may otherwise in writing agree, to the extent permitted by law, all orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.  While Defendants retain the right to deny that the claims asserted in this Litigation were meritorious, the Representative Plaintiffs, Defendants, Former Defendants, Class Counsel and Defendants' counsel agree not to assert in any forum that this Litigation was brought or defended in bad faith or without a reasonable basis, and shall refrain from any accusations of wrongful or actionable conduct by any current or former party concerning the prosecution, the defense, and the resolution of the Litigation, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

9.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7     The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties and the Representative Plaintiffs and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

9.8     Class Counsel, on behalf of the Class, is expressly authorized by the Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to

858612_4

effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.9      Representative Plaintiffs and their counsel represent and warrant that none of the claims or causes of actions that could have been alleged in the Litigation have been assigned, encumbered, or in any manner transferred in whole or in part.

9.10      Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.11      The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

9.12      The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Representative Plaintiffs.

9.13      The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties and Representative Plaintiffs submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.14      The rights and obligations of the Settling Parties and Representative Plaintiffs shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles. The Settling Parties and Representative Plaintiffs agree to mediate in good faith any dispute regarding the terms of the Stipulation with Judge Layn Phillips (Ret.), if he is available.

858612_4

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated September 19, 2013.

ROBBINS GELLER RUDMAN
   & DOWD LLP
TOR GRONBORG
ELLEN GUSIKOFF STEWART
TRIG R. SMITH
LAURIE L. LARGENT
L. DANA MARTINDALE
SUSANNAH R. CONN
CAROLINE M. ROBERT

_____
         TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
elleng@rgrdlaw.com
trigs@rgrdlaw.com
llargent@rgrdlaw.com
dmartindale@rgrdlaw.com
sconn@rgrdlaw.com
crobert@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

Counsel for Representative Plaintiffs and the Class

- 30 -

858612_4

CLEARY GOTTLIEB STEEN
  & HAMILTON LLP
LEWIS J. LIMAN
AVRAM E. LUFT
SHERYL B. SHAPIRO


_____
            LEWIS J. LIMAN

One Liberty Plaza
New York, NY  10006
Telephone:  212/225-2000
212/225-3999 (fax)

Attorneys for Defendants

- 31 -

CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 19, 2013.

s/ Tor Gronborg

TOR GRONBORG

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  torg@rgrdlaw.com

# Mailing Information for a Case 1:07-cv-10279-GBD-FM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Susannah R Conn**
  sconn@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Laurie L. Largent**
  llargent@rgrdlaw.com

- **Lewis J. Liman**
  lliman@cgsh.com,maofiling@cgsh.com,mvogele@cgsh.com,sshapiro@cgsh.com

- **L. Dana Martindale**
  dmartindale@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,tmccormick@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,stremblay@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)