# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ──────────────────────── x | | |
| In re SANOFI-AVENTIS SECURITIES LITIGATION | : | Civil Action No. 1:07-cv-10279-GBD |
| ──────────────────────── | : | |
| | : | <u>CLASS ACTION</u> |
| | : | |
| This Document Relates To: | : | **ECF CASE** |
| | : | |
| ALL ACTIONS. | : | |
| ──────────────────────── x | : | |

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION
FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

EXHIBIT A-1

**TO:   ALL PERSONS WHO PURCHASED SANOFI-AVENTIS SA ("SANOFI") AMERICAN DEPOSITORY RECEIPTS ("ADRs") DURING THE TIME PERIOD FEBRUARY 24, 2006 THROUGH JUNE 13, 2007, INCLUSIVE**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.   TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM **POSTMARKED, EMAILED, FAXED, OR SUBMITTED ONLINE ON OR BEFORE [INSERT DATE]**.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action and the proposed Settlement of the Action and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses, and a request for reimbursement of time and expenses by the Representative Plaintiffs. This Notice describes the rights you may have in connection with your participation in the Settlement, what steps you may take in relation to the Settlement and this class action, and, alternatively, what steps you must take if you wish to be excluded from the Settlement and this Action.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment.  Claim Forms must be postmarked, faxed, emailed, or submitted online on or before [Insert Date]. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants about the legal claims in this case.  Exclusions must be postmarked, faxed, or emailed on or before [Insert Date]. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. Objections must be received by the Court and counsel on or before [Insert Date]. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by the Court and counsel on or before [Insert Date]. |
| **DO NOTHING** | Get no payment.  Give up rights. |

859757_3

SUMMARY NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $40.0 million Settlement Fund is being provided. Plaintiff estimates that there were approximately 108 million Sanofi ADRs which may have been damaged during the Class Period. Plaintiff estimates that the average recovery under the Settlement is roughly $0.37 per damaged ADR before deduction of any taxes on the income thereof, notice and administration costs and the attorneys' fee and expense award as determined by the Court. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims submitted. An individual Class Member may receive more or less than this average amount depending on the number of claims submitted, when during the Class Period a Class Member purchased Sanofi ADRs, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received. *See* Plan of Allocation as set forth at pages ___ below for more information on your Recognized Claim.

**Statement of Potential Outcome of Case**

The parties disagree on both liability and damages and do not agree on the average amount of damages per ADR that would be recoverable if the Class prevailed on each claim alleged. The Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.

**Statement of Attorneys' Fees and Costs Sought**

Class Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees not to exceed twenty-seven-and-a-half percent (27.5%) of the Settlement, plus expenses not to exceed $900,000, plus interest earned on both amounts. Since the Action's inception, Class Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis and advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. In addition, Representative Plaintiffs will seek payment for their time and expenses incurred in representing the Class in an amount not to exceed $45,000. The requested fees and expenses amount to an average of approximately $0.11 per damaged ADR.

**Further Information**

For further information regarding the Action, this Notice or to review the Settlement Agreement, please contact the Claims Administrator toll-free at 1-800-XXX-XXXX, or www.gilardi.com.

You may also contact a representative of counsel for the Class: Rick Nelson, 655 West Broadway, Suite 1900, San Diego, California 92101, Telephone (619) 231-1058.

**Reasons for the Settlement**

The principal reason for the Settlement is the benefit to be provided to the Class now.  This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

859757_3

# TABLE OF CONTENTS

**Page**

SUMMARY NOTICE ...................................................................................................2

    Statement of Class Recovery ...........................................................................2

    Statement of Potential Outcome of Case .......................................................2

    Statement of Attorneys' Fees and Costs Sought ............................................2

    Further Information .........................................................................................2

    Reasons for the Settlement .............................................................................3

BASIC INFORMATION ..............................................................................................6

    1.    Why did I get this notice package? ................................................6

    2.    What is this lawsuit about? .............................................................6

    3.    Why is this a class action? .............................................................6

    4.    Why is there a Settlement? ............................................................7

WHO IS IN THE SETTLEMENT .................................................................................7

    5.    How do I know if I am part of the Settlement? ..............................7

    6.    Are there exceptions to being included? ........................................8

    7.    What if I am still not sure if l am included? ..................................8

THE SETTLEMENT BENEFITS – WHAT YOU GET ................................................8

    8.    What does the Settlement provide? ................................................8

    9.    How much will my payment be? ....................................................8

HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM ..........................9

    10.    How can I get a payment? ..............................................................9

    11.    When would I get my payment? .....................................................9

    12.    What am I giving up to get a payment or to stay in the Class? ......9

EXCLUDING YOURSELF FROM THE SETTLEMENT ...........................................10

    13.    How do I get out of the proposed Settlement? .............................11

# TABLE OF CONTENTS

**Page**

14. If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?................................................11

15. If I exclude myself, can I get money from the proposed Settlement?................................................................................................11

THE LAWYERS REPRESENTING YOU ...............................................................11

16. Do I have a lawyer in this case?..................................................................11

17. How will the lawyers be paid?...................................................................11

OBJECTING TO THE SETTLEMENT ..................................................................12

18. How do I tell the Court that I do not like the proposed Settlement? .........12

19. What is the difference between objecting and excluding?.........................12

THE COURT'S SETTLEMENT HEARING ...........................................................12

20. When and where will the Court decide whether to approve the proposed Settlement?..................................................................................12

21. Do I have to come to the hearing? ............................................................13

22. May I speak at the hearing? .....................................................................13

IF YOU DO NOTHING ......................................................................................13

23. What happens if I do nothing at all? .........................................................13

GETTING MORE INFORMATION.......................................................................13

24. Are there more details about the proposed Settlement?...........................13

25. How do I get more information?................................................................14

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS ......................................................................................................14

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES .......................18

859757_3

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have purchased Sanofi ADRs during the time period February 24, 2006 through June 13, 2007, inclusive ("Class Period").

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after objections and appeals, if any, are resolved, a Claims Administrator appointed by the Court will make the payments provided for in the Settlement.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re Sanofi-Aventis Securities Litigation*, Civil Action No. 1:07-cv-10279-GBD and 1:08-cv-00021-GBD. The case has been assigned to the Hon. George B. Daniels. The pension fund representing the Class is the "Plaintiff" or "Class Representative," and the company and the persons they sued and who have now settled (Sanofi, Gerard Le Fur and Hanspeter Spek) are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

The First Amended Complaint for Violation of Securities Laws (the "Complaint") filed in the Action generally alleges, among other things, that Defendants issued false and misleading statements and omitted material facts regarding the safety and FDA approval process of the drug rimonabant (also known as Acomplia or Zimulti) for the treatment of obesity. The Complaint alleges that the false and misleading statements and omissions artificially inflated the price of Sanofi ADRs.

The Complaint further alleges that Class Members purchased Sanofi ADRs during the Class Period at prices artificially inflated as a result of the Defendants' dissemination of materially false and misleading statements and assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

Defendants deny each and all of the claims and contentions alleged by in the Litigation. Defendants contend that they did not make any false or misleading statement, that they disclosed all information about the safety and approvability of rimonabant for obesity required to be disclosed by the federal securities laws, and that any omitted or misstated information was not material. Defendants also contend that when the information regarding the safety of rimonabant was disclosed, Sanofi's share price was not affected, that members of the Class did not rely on any false or misleading statements by Defendants, and that any losses suffered by members of the Class were not caused by any false or misleading statements by Defendants or were caused by intervening events including events related to FDA decisions regarding the approval of rimonabant.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called the plaintiff sues on behalf of people who have similar claims. All of the people with similar claims are referred to as a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4. | Why is there a Settlement? |
|---|---|

Beginning on November 13, 2007, a number of related putative class actions alleging violations of federal securities laws were filed in the United States District Court for the Southern District of New York and were subsequently consolidated under the above caption and are referred to herein as the "Action." The Court has appointed the law firm of Robbins Geller Rudman & Dowd LLP as Class Counsel.

The operative complaint is the Complaint, which was filed on July 28, 2010. The Complaint alleges that Class Members purchased Sanofi ADRs during the Class Period at prices artificially inflated as a result of the Defendants' dissemination of allegedly materially false and misleading statements in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

The Defendants deny any liability to the Class. The Defendants deny any wrongdoing whatsoever and their agreement to settle this Action shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted.

The Court did not decide in favor of the Class. Instead, both sides agreed to the Settlement to avoid the risks and cost of a trial, and so Class Members will receive compensation. Continuing to litigate the case would require all parties to engage experts and Plaintiff believes much of the proof would be highly technical, making the outcome of any trial unpredictable. Plaintiff and Class Counsel believe the Settlement is in the best interest of all Class Members in light of the real possibility that continued litigation would delay any recovery by the Class and could result in no recovery at all.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: *all Persons who purchased Sanofi ADRs during the time period February 24, 2006 through June 13, 2007, inclusive*, except those persons and entities that are excluded, as described below.

| 6. | Are there exceptions to being included? |

Excluded from the Class are the Defendants, the officers and directors of Sanofi during the Class Period, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are any Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in question 13 below.

If one of your mutual funds own Sanofi ADRs, that alone does not make you a Class Member.  You are a Class Member only if you directly purchased Sanofi ADRs during the Class Period.  Contact your broker to see if you have or held Sanofi ADRs.

If you sold Sanofi ADRs during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you *purchased* Sanofi ADRs, as defined above.

| 7. | What if I am still not sure if I am included? |

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-800-XXX-XXXX, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |

In exchange for the Settlement and dismissal of the Action, the Defendants have agreed to the payment of $40.0 million to be divided, after taxes, fees, and expenses, among all Class Members who send in a valid Proof of Claim form.

| 9. | How much will my payment be? |

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, the number of Sanofi ADRs you purchased, and when you purchased and sold them.

By following the instructions on the Plan of Allocation, you can calculate what is called your Recognized Claim.  It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your  Recognized Claim divided by the total of everyone's Recognized Claim.  *See* the Plan of Allocation at pages ___ hereof for more information on your Recognized Claim.

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

| 10. | How can I get a payment? |
|-----|--------------------------|

To qualify for a payment, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.gilardi.com. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail, fax, email or submit it online no later than _____, 2013. The claim form may be submitted online at _____.

| 11. | When would I get my payment? |
|-----|------------------------------|

The Court will hold a Settlement Hearing on _____, 2013, to decide whether to approve the Settlement. If the Court approves the Settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to get a payment or to stay in the Class? |
|-----|--------------------------------------------------------------|

Unless you exclude yourself, you will remain a Class Member, and that means that, if the Settlement is approved, you will release all "Released Claims" (as defined below) including "Unknown Claims" (as defined below) against the "Released Persons" (as defined below):

- "Released Claims" shall include, any and all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed that have been or could have been asserted in the Litigation or in any court, tribunal, forum, or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law statute, rule or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class against any of the Released Persons (i) that were asserted or could have been asserted in the First Amended Complaint by any of the Representative Plaintiffs or Class Members, (ii) that would have been barred by res judicata had the Litigation been fully litigated to a final judgment, or (iii) that could have been, or could in the future be, asserted in any forum or proceeding or otherwise by any Representative Plaintiff or Class Member against any of the Released Persons (a) that concern, arise out of, refer to, are based upon, or are related in any way to, any of the subject matter, allegations, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in the First Amended Complaint; and (b) that relate to the purchase or acquisition during the Class Period (or with respect to any claim based upon federal, state, or foreign securities law, ownership or possession) of any securities issued by Sanofi, including Sanofi ordinary shares. This Release extends to all Released Persons. "Released Claims" includes "Unknown Claims" as defined below.

- 9 -

- "Released Persons" means each and all of the Defendants and the Former Defendants and each of the Defendants' and Former Defendants' Related Parties.

- "Unknown Claims" means any Released Claims that any Representative Plaintiff or Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff shall expressly waive and each of the Representative Plaintiffs and Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff expressly waives and each of the Representative Plaintiffs and Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Plaintiff, Representative Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiff shall expressly settle and release and each Representative Plaintiff and Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff acknowledges, and the Representative Plaintiffs and Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue one or more of the Defendants and the other Released Persons, on your own, about the legal issues in this

859757_3

case, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out."

| 13. | How do I get out of the proposed Settlement? |
|---|---|

To exclude yourself from the Class, you must send a letter by First-Class Mail, facsimile, or email stating that you "request exclusion from the Class in the *In re Sanofi-Aventis Securities Litigation*." Your letter must include the date(s), price(s), number(s) of all purchases and sales of Sanofi ADRs during the Class Period. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request **no later than _____, 2013** to:

*In re Sanofi-Aventis Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 990
Corte Madera, CA  94976-0990
Fax Number:  _____
Email address:  _____

If you ask to be excluded, you will not get any payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons in the future.

| 14. | If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons speak to your lawyer in that case immediately. You must exclude yourself from this Action to continue your own lawsuit. Remember, the exclusion deadline is _____, 2013.

| 15. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money. But, you may sue or be part of a different lawsuit against the Defendants and the other Released Persons.

**THE LAWYERS REPRESENTING YOU**

| 16. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represent the Class Members, including you. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
|---|---|

- 11 -

859757_3

Class Counsel are moving the Court to award attorneys' fees in an amount not greater than twenty-seven-and-a-half percent (27.5%) of the Settlement Fund and for expenses in an amount not to exceed $900,000, which were incurred in connection with the litigation.   In addition, Representative Plaintiffs will seek payment of their time and expenses incurred in representing the Class in an aggregate amount not to exceed $45,000.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| 18. | How do I tell the Court that I do not like the proposed Settlement? |

If you are a Class Member, you can object to the proposed Settlement.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed Settlement in the *In re Sanofi-Aventis Securities Litigation*.  Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), number(s) of shares of Sanofi ADRs you purchased and sold during the Class Period, and state the reasons why you object to the proposed Settlement.  Mail the objection to each of the following addresses postmarked no later than _____, 2013:

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District of<br>  New York<br>Daniel Patrick Moynihan<br>  United States Courthouse<br>500 Pearl Street<br>New York, NY  10007 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Tor Gronborg<br>Ellen Gusikoff Stewart<br>Trig Smith<br>Laurie Largent<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101-3301 | CLEARY GOTTLIEB STEEN<br>  & HAMILTON<br>Lewis Liman<br>Avram Luft<br>One Liberty Plaza<br>New York, NY  10006 |

| 19. | What is the difference between objecting and excluding? |

Objecting is simply telling the Court that you do not like something about the proposed Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

| 20. | When and where will the Court decide whether to approve the proposed Settlement? |

The Court will hold a Settlement Hearing at__: _____ __.m. on _____day, _____, 2013, at the United States District Court for the Southern District of New York, Daniel Patrick

859757_3

Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, in Courtroom 11A. At the Hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and the Representative Plaintiffs. After the Settlement Hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

| 21. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|-----|-----------------------------|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement saying that it is your "Notice of Intention to Appear in the *In re Sanofi-Aventis Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Released Persons about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed Settlement? |
|-----|-------------------------------------------------------|

This Notice summarizes the proposed Settlement. More details are in a Settlement Agreement dated September 19, 2013 (the "Stipulation"). You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by contacting the Settlement Administrator toll-free at 1-800-XXX-XXXX. A copy of the Stipulation is also available on the Claims Administrator's website at www.gilardi.com.

859757_3

| 25. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, during regular business hours. For a fee, all papers filed in this Action are available at www.pacer.gov.

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Settlement Amount of $40.0 million and any interest earned thereon shall be the "Settlement Fund." The Settlement Fund, less all taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The following proposed Plan of Allocation reflects the proposition that the prices of Sanofi ADRs were artificially inflated during the Class Period from February 24, 2006, the first day of the Class Period, until June 13, 2007, inclusive, the last date of the Class Period, and that any losses from trading Sanofi ADRs purchased during the Class Period, and still owned at close of trading on June 13, 2007, will be recognized. Accordingly, "Recognized Claims" will be calculated for purposes of the Settlement as follows:

The allocation below is based on the following price decline as well as the statutory Private Securities Litigation Reform Act of 1995 ("PSLRA") 90-day look-back amount of $41.11:

June 13, 2007 Price Decline:          $1.81

For Sanofi-Aventis ADRs purchased or otherwise acquired on or between February 24, 2006 and June 13, 2007, the claim per ADR shall be as follows:

(a)     If sold on or before June 12, 2007, the claim per ADR is zero;

(b)     If sold between June 13, 2007 and September 11, 2007, the claim per ADR shall be the least of: (i) $1.81 (June 11-13, 2007 Price Decline), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per ADR and the average closing price per ADR up to the date of the sale as set forth in the table below; and

- 14 -

      (c)      If sold after September 11, 2007 or still retained, the claim per ADR shall be the lesser of: (i) $1.81 (June 11-13, 2007 Price Decline), or (ii) the difference between the purchase price per ADR and $43.07 per ADR.

PSLRA 90-DAY LOOK-BACK TABLE

| Date | PSLRA Look-Back Average |
|------|------------------------|
| 06/14/07 | $41.33 |
| 06/15/07 | $41.82 |
| 06/18/07 | $41.35 |
| 06/19/07 | $41.59 |
| 06/20/07 | $40.82 |
| 06/21/07 | $40.80 |
| 06/22/07 | $40.37 |
| 06/25/07 | $40.00 |
| 06/26/07 | $40.37 |
| 06/27/07 | $40.68 |
| 06/28/07 | $40.59 |
| 06/29/07 | $40.27 |
| 07/02/07 | $41.02 |
| 07/03/07 | $41.09 |
| 07/05/07 | $41.72 |
| 07/06/07 | $41.84 |
| 07/09/07 | $41.74 |
| 07/10/07 | $41.41 |
| 07/11/07 | $41.60 |
| 07/12/07 | $42.51 |
| 07/13/07 | $42.52 |
| 07/16/07 | $42.90 |
| 07/17/07 | $42.71 |
| 07/18/07 | $42.69 |
| 07/19/07 | $43.08 |
| 07/20/07 | $43.05 |
| 07/23/07 | $42.78 |
| 07/24/07 | $42.25 |
| 07/25/07 | $42.36 |
| 07/26/07 | $41.33 |
| 07/27/07 | $40.87 |
| 07/30/07 | $41.42 |
| 07/31/07 | $41.75 |
| 08/01/07 | $40.93 |
| 08/02/07 | $41.34 |
| 08/03/07 | $40.81 |
| 08/06/07 | $41.62 |
| 08/07/07 | $41.86 |

859757_3

| | |
|---|---|
| 08/08/07 | $42.41 |
| 08/09/07 | $41.23 |
| 08/10/07 | $40.66 |
| 08/13/07 | $40.25 |
| 08/14/07 | $39.71 |
| 08/15/07 | $38.82 |
| 08/16/07 | $38.60 |
| 08/17/07 | $39.25 |
| 08/20/07 | $39.56 |
| 08/21/07 | $39.52 |
| 08/22/07 | $40.05 |
| 08/23/07 | $39.92 |
| 08/24/07 | $40.59 |
| 08/27/07 | $40.59 |
| 08/28/07 | $39.48 |
| 08/29/07 | $40.38 |
| 08/30/07 | $40.21 |
| 08/31/07 | $40.95 |
| 09/04/07 | $41.24 |
| 09/05/07 | $41.05 |
| 09/06/07 | $41.03 |
| 09/07/07 | $41.10 |
| 09/10/07 | $41.24 |
| 09/11/07 | $41.82 |
| **90-Day Average** | **$41.11** |

In the event a Class Member has more than one purchase or sale of Sanofi ADRs during the Class Period, all purchases and sales within the Class Period shall be matched on a First In First Out ("FIFO") basis.  Under the FIFO method, sales of Sanofi ADRs during the Class Period will be matched, in chronological order, first against Sanofi ADRs held at the beginning of the Class Period. The remaining sales of Sanofi ADRs during the Class Period will then be matched in chronological order, against Sanofi ADRs purchased during the Class Period.  A purchase or sale of Sanofi ADRs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "Settlement" or "payment" date.  The receipt or grant by gift, devise or operation of law of Sanofi ADRs during the Class Period shall not be deemed a purchase or sale of Sanofi ADRs for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Sanofi ADRs during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Sanofi ADRs.

To the extent a Claimant had a gain from his, her, or its overall transactions in Sanofi ADRs during the Class Period, the value of the Recognized Claim will be zero.

- 17 -

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Class Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the result, you may ask the Court, which retains jurisdiction over the Claims Administration process, to decide the issue by submitting a written request.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees and expenses, including those of Class Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs or fees to be incurred in administering the Net Settlement fund and in making this second distribution, if such second distribution is economically feasible. If after six (6) months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be distributed to a non-sectarian, not-for-profit, 501(c)(3) organization identified by Class Counsel and approved by the Court.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Sanofi ADRs during the Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such securities during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), the Court has requested that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

859757_3

*In re Sanofi-Aventis Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 990
Corte Madera, CA  94976-0990
(800-XXX-XXXX)
www.gilardi.com
Email:  _____

Dated: _____                      By Order of the Court
                                            CLERK OF THE COURT

- 19 -

859757_3