UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re SANOFI-AVENTIS SECURITIES LITIGATION | : : : : : : : : : | Civil Action No. 1:07-cv-10279-GBD <br><br> <u>CLASS ACTION</u> <br><br> **ECF CASE** |
| This Document Relates To: <br><br> ALL ACTIONS. | | |

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS

902146_1

Plaintiff and Class Representative Hawaii Annuity Trust for Operating Engineers ("Hawaii OE" or "Plaintiff") respectfully submits this memorandum in further support of Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation of Settlement Proceeds (Dkt. No. 266).[1]

## I. THE NEAR UNIVERSAL SUPPORT OF CLASS MEMBERS DEMONSTRATES THE REASONABLENESS OF THE SETTLEMENT AND PLAN OF ALLOCATION

As detailed in Plaintiff's opening brief, the $40,000,000 recovery in this case was achieved for the Class after over five-and-a-half years of vigorous litigation, and at a point in time when the parties were fully aware of the strengths and weaknesses of the case. The Settlement, facilitated by arm's-length negotiations through the Honorable Layn R. Phillips (Ret.), is an outstanding result for the Class in light of the considerable risks presented by continued litigation of this case and represents a recovery of well over 25% of the maximum possible damages suffered by the Class.

The Class's response to the Settlement and the Plan of Allocation has been overwhelmingly positive. Since the commencement of the initial mailing of notice on October 16, 2013, the Claims Administrator has mailed or otherwise provided the Court-approved Notice and Proof of Claim forms to 423,286 potential Class Members.[2] Notice was also widely published and posted on the Internet. *See* Dkt. No. 272, ¶¶12-13. In response, ***not a single Class Member objected to the fairness, reasonableness or adequacy of the Settlement or to the Plan of Allocation***.[3] Not a single

---

[1]  Unless otherwise noted, all capitalized terms used herein are defined in the September 19, 2013 Settlement Agreement. Dkt. No. 262.

[2]  *See* Declaration of Carole K. Sylvester Re A) Mailing of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing and the Proof of Claim Form, B) Publication of the Summary Notice, and C) Internet Posting (Dkt. No. 272), ¶10 identifying 419,823 Claims Packages were sent as of December 6, 2013. We are informed by the Claims Administrator that an additional 3,463 Claims Packages have been sent subsequently.

[3]  As discussed herein, in objecting to Class Counsel's fee request, Jeffrey Brown and his counsel, serial objector Forrest Turkish, generically request that the Court "alleviate the inherent unfairness,

- 1 -

institutional investor has opted out of the Settlement. And, only three individual investors, who collectively purchased 119 Sanofi ADRs during the Class Period, have opted out of the Settlement.[4]

The strong support of Class Members powerfully militates in favor of final approval of all aspects of the Settlement. *See Sewell v. Bovis Lend Lease LMB, Inc.*, No. 09 Civ. 6548 (RLE), 2012 U.S. Dist. LEXIS 53556, at *20 (S.D.N.Y. Apr. 20, 2012) ("'If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'") (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc*., 396 F.3d 96, 118 (2d Cir. 2005)); *Banyai v. Mazur*, No. 00 Civ. 9806 (SHS), 2008 U.S. Dist. LEXIS 93593, at *14 (S.D.N.Y. Nov. 18, 2008) ("a small number of objections received when compared to the number of notices sent weighs in favor of approval").

## II. THE SETTLEMENT SATISFIES THE *GRINNELL* FACTORS

As set forth in Plaintiff's opening brief, the Settlement meets each of the factors the Second Circuit has identified as relevant in assessing a proposed settlement.[5] No Member of the Class disputes that this is true.

---

inadequacies and unreasonableness of the Settlement." *See* Objection of Jeffrey M. Brown to Proposed Settlement and Notice of Intent to Appear at 9 (Dkt. No. 273). Nowhere in his objection, however, does Mr. Brown identify any purported fault with any term of the proposed Settlement or with the proposed Plan of Allocation. Rather, Mr. Brown's efforts to disparage the Settlement arise only in the context of his unfounded objection to Class Counsel's motion for an award of attorneys' fees. That objection is addressed in Plaintiff's Reply Memorandum of Law in Support of Motion for an Award of Attorneys' Fees and Expenses and Award of Expenses Pursuant to 15 U.S.C. §78u-4(a)(4), filed herewith.

[4] A total of 12 requests for exclusion were received in response to the Notice. The parties agree that only three requests, identified in Ex. 1 to the Final Judgment submitted herewith, are Members of the Class and validly requested exclusion.

[5] The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risk of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best possible recovery; and

- 2 -

As to the first *Grinnell* factor – the complexity, expense and likely duration of the litigation – Hawaii OE has demonstrated that the claims here involved numerous complex legal and factual issues pertaining to Defendants' alleged misstatements and omissions concerning rimonabant and suicidality. *See, e.g.*, Declaration of Tor Gronborg in Support of Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation of Settlement Proceeds, an Award of Attorneys' Fees and Expenses, and Award of Expenses Pursuant to 15 U.S.C. §78u-4(a)(4) ("Gronborg Decl."), ¶¶4-11, 62-70 (Dkt. No. 268).  Plaintiff has also shown that to pursue these claims to trial would be risky, expensive and time consuming. *Id*.  Indeed, to prosecute this case through trial, including post-trial motion practice and the appellate process, would add considerable expense and delay the Class's recovery, if any was achieved, for years.

The second *Grinnell* factor – reaction of the class – has likewise been satisfied in that the reaction has been almost universally favorable.  Not a single Class Member has objected to the Settlement or Plan of Allocation, no institutional investor has objected or opted out of the Settlement and only three individuals, with combined purchases of 119 Sanofi ADRS, have validly requested exclusion – an opt out rate of less than 0.000008% of potential claimants and less than 0.000001% of the estimated number of damaged ADRs.  This "overwhelmingly positive reaction of the Class to the proposed Settlement supports its approval by the Court." *Teachers' Ret. Sys. v. A.C.L.N., Ltd.*, No. 01-cv-11814 (MP), 2004 U.S. Dist. LEXIS 8608, at *9 (S.D.N.Y. May 14, 2004). *See also Wal-Mart*, 396 F.3d at 118-19 ("the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry").

---

(9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

- 3 -

902146_1

Hawaii OE has shown that the third *Grinnell* factor – stage of proceedings and amount of discovery completed – also supports approval of the Settlement. There can be no doubt that the parties here had adequate information about their claims and defenses in order to make an intelligent appraisal of the case. Gronborg Decl., ¶¶18-61. The Gronborg Declaration details, *inter alia*: the comprehensive pre-motion to dismiss investigation and analyses by Class Counsel; the extensive merits motion practice and discovery the parties have engaged in since the First Amended Complaint was upheld in March 2011, including the review of over five million pages of documents, fact depositions and expert discovery and analysis; and the parties' protracted settlement discussions that started in May 2011, where each side shared their respective positions and evidence supporting their claims and defenses, and ended several months later, and after additional discovery, with the assistance of Judge Phillips, a seasoned and highly-respected mediator. *Id*.

The fourth and fifth *Grinnell* factors – risks of establishing liability and damages – are also met because Plaintiff has shown that these risks were considerable. *Id.*, ¶¶62-70. All along in this litigation, Defendants contested liability, and raised substantial defenses regarding falsity, materiality, scienter, loss causation and damages. *Id*. Indeed, Defendants' nationally-recognized loss causation and damages expert had already opined that, even if Plaintiff established falsity and scienter, damages in the case would be zero. *See* Dkt. No. 188. Had Defendants prevailed in this battle of the experts, or on any of their other defenses, the Class would have recovered nothing.

Regarding the sixth *Grinnell* factor – risk of maintaining the class action through trial – Defendants had already stated their intent to challenge the presumption of reliance underlying class certification at both summary judgment and trial. Given unresolved disputes regarding materiality and loss causation, Defendants believed that they had credible arguments to decertify the Class prior to or at trial. As courts in this Circuit recognize, even after certification, a class of the type approved

- 4 -

here faces the risk of decertification through trial. *Chatelain v. Prudential-Bache Sec.*, 805 F. Supp. 209, 214 (S.D.N.Y. 1992).

As to the seventh *Grinnell* factor – ability of defendants to withstand a greater judgment – while Sanofi may have sufficient resources to satisfy a judgment in this case, as a practical matter, the chances of recovering a larger sum than the $40,000,000 Settlement would be offset by the risks and delay that would arise from getting this case to trial, prevailing at trial and prevailing on post-trial appeals. This is particularly true in light of the significant percentage of damages recovered by the Settlement.

Finally, Hawaii OE has shown that the eighth and ninth *Grinnell* factors – the range of reasonableness of the settlement in light of the best possible recovery and attendant risks of litigation – are satisfied here. In terms of both pure dollars and percentage of damages recovered, the result achieved here is excellent. A study by Cornerstone Research, a defense-side economic consulting firm, reported that the median settlement amount in shareholder class actions pursuant to Rule 10b-5, like this one, was $6.8 million over the period 1996-2012. Ellen M. Ryan & Laura E. Simmons, *Securities Class Action Settlements*: *2012 Review and Analysis*, at 11 (Cornerstone Research 2013), attached as Ex. A to the Declaration of Susannah R. Conn in Support of Motion for Final Approval of Settlement and Plan of Allocation of Settlement Proceeds, an Award of Attorneys' Fees and Expenses, and Award of Expenses Pursuant to 15 U.S.C. §78u-4(a)(4) ("Conn Decl."), submitted herewith. Thus, the $40,000,000 Settlement here is nearly ***six times larger*** than the median securities class action settlement.[6] The same Cornerstone Research study found that for cases like

---

[6] A 2011 report by the National Economic Research Associates ("NERA"), another economic consultant, found that in 2011 alone, the median settlement amount in shareholder class actions was $8.7 million, approximately one-fifth the size of the recovery here. Dr. Jordan Milev, Robert Patton, Svetlana Starykh, and Dr. John Montgomery, *Recent Trends in Securities Class Action Litigation: 2011 Year-End Review*, at 17 (NERA Dec. 14, 2011), attached as Ex. B to the Conn Decl.

this one, the median settlement over the period 1996-2012 recovered 2.9% of estimated damages. *Id.* Plaintiff's recovery here of 27.5% of the best possible result for the Class is more than ***nine times the average*** in cases such as this.[7] Indeed, courts routinely laud recoveries much smaller than the proposed Settlement here. *See, e.g.*, *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 U.S. Dist. LEXIS 9450, at *33 (S.D.N.Y. Feb. 1, 2007) (finding settlement representing approximately 6.25% of estimated damages to be "at the higher end of the range of reasonableness of recovery in class actions securities litigations").

In his objection to the proposed attorneys' fee, Mr. Brown claims that "the settlement amount is extremely low in comparison to the damages alleged by Plaintiffs." Dkt. No. 273 at 5. Mr. Brown provides no basis for his accusation and there is none. Even without taking into account the significant risks and inherent delays in prosecuting the case through trial, the $40,000,000 Settlement represents a recovery of 27.5% of the maximum possible damages suffered by the Class. As set forth above, the Settlement recovered over nine times the alleged damages than are recovered in an average case. The actions of large institutional investors speak to the quality of the Settlement. Not a single institution, including those who could and do bring individual actions, opted out of the Settlement or otherwise expressed a belief that they could have recovered more damages than Plaintiff and Class Counsel did here.[8] Under any circumstance, the $40,000,000 recovery here would be reasonable, and, when taking into account the risks of the litigation, it is outstanding.

---

[7] Similarly, the NERA report found that the median recovery was 3.5% of the alleged damages in cases where such investor losses fell between $100 and $199 million, a fraction of what was achieved in this case. Conn Decl., Ex. B at 23.

[8] Mr. Brown also complains that "[t]he Settlement fails to hold Sanofi executives liable for their misstatements" and "the settlement appears merely a slap on the hand." Dkt. No. 273 at 8. As Mr. Brown, who is a civil litigator in Florida, and Mr. Turkish, who routinely files objections to class action settlements, are no doubt aware, this is a civil case brought on behalf of shareholders to recover the damages they allegedly suffered as a result of violations of the Securities Exchange Act

- 6 -

**III.     CONCLUSION**

Based on the foregoing and the overwhelming support of Class Members, Plaintiff respectively requests that the Court approve the Settlement and the Plan of Allocation as fair, reasonable and adequate, and in the best interest of the Class.

DATED:  December 30, 2013          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG
ELLEN GUSIKOFF STEWART
TRIG R. SMITH
LAURIE L. LARGENT
L. DANA MARTINDALE
SUSANNAH R. CONN
CAROLINE M. ROBERT


                    s/ Tor Gronborg
                   TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
elleng@rgrdlaw.com
trigs@rgrdlaw.com
llargent@rgrdlaw.com
dmartindale@rgrdlaw.com
sconn@rgrdlaw.com
crobert@rgrdlaw.com

---

of 1934.  Hawaii OE has done just that.  To the extent Mr. Brown believes that Sanofi executives should be subjected to regulatory or criminal punishment, his complaint should be directed to the agencies that have such responsibility.  *See also In re Warner Commc'ns Sec. Litig.*, 798 F.2d 35, 37 (2d Cir. 1986) ("If the total compensation to class members is fair, reasonable, and adequate, the court is not required to supervise how the defendants apportion liability for that compensation among themselves.").

- 7 -

902146_1

                                                ROBBINS GELLER RUDMAN
                                                      &DOWD LLP
                                               SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 30, 2013.

                                   s/ Tor Gronborg
                                   TOR GRONBORG

                                   ROBBINS GELLER RUDMAN
                                        & DOWD LLP
                                   655 West Broadway, Suite 1900
                                   San Diego, CA  92101-3301
                                   Telephone:  619/231-1058
                                   619/231-7423 (fax)

                                   E-mail:  torg@rgrdlaw.com

902146_1

# Mailing Information for a Case 1:07-cv-10279-GBD-FM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Susannah R Conn**
  sconn@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Laurie L. Largent**
  llargent@rgrdlaw.com

- **Lewis J. Liman**
  lliman@cgsh.com,maofiling@cgsh.com,mvogele@cgsh.com,sshapiro@cgsh.com

- **L. Dana Martindale**
  dmartindale@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,stremblay@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com

- **Forrest Scott Turkish**
  fsturkish@aol.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)